# Shultz *v.* Seibel, Appellant.

*Contract—Building contract—Extra work—Evidence.*

A provision in a building contract that "no allowance will be made for extra work whatsoever, unless notice is served upon the owner and written consent of the owner is obtained before the said extra work is started," does not apply to new work contracted for specifically after the original contract was made.

Where a building contract is not fulfilled in some details there may be deductions made by the jury for compensation for such defective work.

In an action upon a building contract where it is claimed by defendant that some of the work was not done in a workmanlike manner, and the evidence on the subject and as to what it would cost to make the work right is conflicting, the question is for the jury.

*Appeals—Judgment—Evidence—Book of original entries—Harmless error.*

A judgment will not be reversed for an immaterial error which does the party no harm.

An erroneous admission of books as books of original entries is no ground for reversal where the items of account in dispute are established by other evidence.

Argued March 24, 1904. Appeal, No. 300, Jan. T., 1903, by defendant, from judgment of C. P. No. 3, Phila. Co., Dec. Term, 1902, No. 3964, on verdict for plaintiff in case of Henry G. Schultz and William H. Schultz, trading as Henry G. Shultz & Son v. Marie C. Seibel. Before DEAN, FELL, MESTREZAT, POTTER and THOMPSON, JJ. Affirmed.

Assumpsit on a building contract. Before FINLETTER, P. J.

At the trial defendant presented the following point:

1. In order to recover anything in this action, the plaintiffs must establish to the satisfaction of this jury that they had completed their work in a good and workmanlike manner in accordance with the specifications prior to beginning of the action. *Answer :* I refuse the points of charge submitted by counsel for the defendant. [1]

2. The plaintiff claims the sum of $400 for extra work in dividing the second story of the new addition into eight rooms. The specifications, which are a part of the contract on which this suit is based, provide :

No allowance will be made for extra work whatsoever, un-

less notice is served upon the owner, and written consent of the owner is obtained before the said extra work is started.

The plaintiff has not shown nor attempted to show any notice served on the owner or consent by her to be charged with this item as extra work, prior to its starting. In fact it is undisputed that no such question was raised between the time the contract was signed and the latter part of October, when the second story partitions, forming sixteen rooms, had been already erected. I therefore charge you that the plaintiff cannot recover as to this item. *Answer :* I refuse the points of charge submitted by counsel for the defendant. [2]

The court charged in part as follows :

[There is no dispute as to the two contracts, which were in writing, and they are binding upon both parties. They had reference to the construction of eight rooms.] [3]

[The fact that the defendant and plaintiffs both changed the number of rooms necessarily implies that they both agreed that the original contract for eight rooms should be changed and that they both intended the plaintiffs to do all the work for the sixteen and the defendant to pay for the work that was done upon them. As I understand the case to be, the plaintiffs contend that the work they did under the verbal contract was of the value of $400. The defendant contends that there was a specific contract for the payment of $275. The point in dispute is as to the amount. The plaintiffs have claimed that it was $400, and the contention on the other side is that they were to do it for $275.] [4]

[The other small matters are too insignificant for the consideration of the jury, and are really of so little importance that they ought not to be considered. If they were, there is no evidence to show what it would cost, for instance, to replace the two doors with what they call perfect material.] [5]

Verdict and judgment for plaintiffs for $2,313.48. Defendant appealed.

*Errors assigned* were (1–5) above instructions, quoting them ; (6) in admitting books offered as books of original entries.

*W. Nelson L. West*, with him *Ellis Ames Ballard* and

*Rufus E. Shapley*, for appellant.—Notice of the extra work was necessary: Miller v. McCaffrey, 9 Pa. 245; Gillison v. Wanamaker, 140 Pa. 358.

Even if it be contended that plaintiffs had substantially performed their contract, yet the defendant was entitled to an allowance of a sum sufficient to remedy the defects and complete the details of plaintiffs' work: Murphy v. Liberty Nat. Bank, 179 Pa. 295; Ligget v. Smith, 3 Watts, 331; Chambers v. Jaynes, 4 Pa. 39; Danville Bridge Co. v. Pomroy, 15 Pa. 151; McDowell's App., 123 Pa. 381; Monocacy Bridge Co. v. American Iron Bridge Mfg. Co., 83 Pa. 517; White v. Braddock Boro. School District, 159 Pa. 201; Filbert v. Philadelphia, 181 Pa. 530.

It is respectfully submitted that the learned trial judge erred in admitting the plaintiffs' book as a book of original entry under defendant's objection, and that the case is ruled by the decisions in Vicary v. Moore, 2 Watts, 451; Forsythe v. Norcross, 5 Watts, 432; Breinig v. Meitzler, 23 Pa. 156; Haas's Estate, 18 Phila. 185 (3 Pa. C. C. Reps. 345); Geiger's Appeal, 1 Mona. 547.

*Charles F. Linde*, for appellees.

OPINION BY JUSTICE THOMPSON, April 11, 1904:

The contentions in this case arise from the alterations of a dwelling house situate at 254 South Sixteenth street, Philadelphia, and the addition thereto of a two story back building. The former was done without any special contract for the same and the latter was in part done in pursuance of a written contract dated August 12, 1902, and subsequently additional work in the way of partitioning and constructing sixteen small rooms in the second story back building, under two alleged estimates, one not denied and the other disputed. The contract of August 12th provided for the erection of the second story back building in question according to a certain plan and specifications furnished by appellees, and that for the work stipulated to be done appellant was to pay the sum of $5,320. The specifications were for the erection of the back buildings and contained no reference to any subdivisions of the large room upon its second story into a series of small rooms. It provided however

that "no allowance will be made for extra work whatever unless notice is served upon the owner (the appellant) and without the consent of the owner is obtained before such extra work is started." The blue print of the plan referred to was produced upon the trial by the appellees and one of them testified that it did not provide for any subdivisions of the rooms upon the second story of the back building. That there was to be in each of the first and second floors of the back building a single room without subdivisions. That appellees furnished an estimate for the cost, first for a subdivision of eight rooms in its second story for the sum of $400 and that appellant concluded to change the subdivisions and increase the number of rooms to sixteen instead of eight, making eight in addition to those which she in the first instance intended to have, and that for these additional eight subdivisions, appellees made an estimate for $275, and this was accepted by appellant in writing. The blue print of the plan was shown one of the appellees when he was on the stand and he was unable to trace out any pencil marks showing any subdivisions of the large room in question. The appellant contended that the original contract of August 12th provided for a subdivision of eight rooms and that she agreed to pay for eight additional rooms the sum of $275 and was liable only for such subdivisions, while appellees contended that such contract provided for no subdivisions of the large rooms; that they made appellant an offer of $400 for a subdivision of eight rooms and that having concluded to increase the number of such subdivisions by eight, she agreed on October 29, 1902, to pay for the eight subdivisions the sum of $275. That they accordingly made sixteen subdvisions and are entitled to be paid $400 for the first eight of the same and $275 for the second eight.

One of the appellees testified that when he submitted the final estimate upon which the contract was made the subdivision of eight rooms was not in the contract, and that the building permit showed only two large rooms on both floors, and that upon October 29, 1902, they made an estimate for the second subdivision of eight rooms for the sum of $275 and that he told appellant that the first eight rooms were not in the contract and that the estimate of $400 was for such first subdivisions of eight rooms. He also testified that they had made an estimate

of $400 for such first subdivisions, but that this work was not made a part of the work to be done under their contract. The other appellee testified that they at one time made an estimate for a subdivision of eight rooms and that nothing was done in regard to this estimate, but in October 21st, they made another estimate for a subdivision of sixteen rooms for the sum of $700 and that finally they were willing to do this work for the appellant for the sum of $675 and that this was new work. That when the pencil marks were traced upon the blue print or plan that he did so at the request of the appellant and it was done in view of their letter of August 2d, proposing to make the subdivisions of eight rooms for the sum of $400. Appellant testified that when one of the appellees stated to her that the work would cost $700 and that she knew that eight rooms would cost $400, she replied that he knew that they were in the original contract, but upon cross examination she said that there was nothing in the contract in regard to the subdivision of eight rooms, but was unable to say that it referred to a plan with eight subdivisions.

The proofs thus present clearly an issue of fact, namely whether there was any evidence to show whether the contract of August 12th, was intended to embrace in it any subdivisions and whether appellant made any contract for eight subdivisions besides the eight that she had specifically agreed to pay for. If the pencil marks on the plan or blue print were placed there not as indicating a part of the work to be done under the contract, but only for the temporary purpose of pointing out how subdivisions could be made in case appellant should conclude to make them, the work of subdivision became new work and was no part of the work to be done under the contract and if so and she agreed to have the work done, she became liable therefor. It follows therefore that the question was clearly one of fact for the jury and the learned trial judge substantially left it for their determination.

But is was contended that the appellees were not entitled to recover because the contract provided that no allowance should be made for extra work unless notice be served and the consent in writing be obtained and that no notice and no consent had been given. There is no difficulty about the principle that no work can be allowed for where there has been no compliance

with the contract which requires notice : Gillison v. Wanamaker, 140 Pa. 358 ; Murphy v. Liberty National Bank, 184 Pa. 208. The appellant's difficulty lies in the application of the principle to the present case. Her contention was that part of the work in question was covered by the original contract and because so was included in the original contract price and was in no sense extra work. If such be the case it did not become the subject of notice. That of the appellees was that it was new work contracted for specifically and was not work under or in pursuance of the original contract and therefore was in no sense understood or agreed by the parties to be extra work within the meaning of such contract and the finding of the jury establishes such fact. It therefore follows that no notice was required or necessary and the application of the principle clearly fails. Appellant also contended in the court below that the work was not done in a good and workmanlike manner and in accordance with the specifications and that she should be allowed the sum required to remedy the defects in order to complete the work. Where a contract is not fulfilled in some detail there may be deductions made by a jury for compensation for such defective work: White v. Braddock Boro. School District, 159 Pa. 201 ; Monocacy Bridge Company v. American Iron Bridge Manufacturing Company, 83 Pa. 517.

It appears that appellant's counsel in a letter called appellee's attention to certain defects to be cured. Accordingly appellees directed a mechanic to cure the defects suggested. Having done so he reported by letter to them and in it stated that the defects referred to were caused by shrinkage and were inevitable and he testified that the defects were trivial and that the work was done in a good and workmanlike manner and that the materials furnished were first class. This was denied on the part of the appellant who called several witnesses who testified that the work was not done in a good and workmanlike manner and that the material furnished was not first class and what it would cost to do the work to suit her. The question was thus one of fact for the jury and the learned trial judge charged : " There is another matter concerning which a good deal of evidence has been given and which has caused much argument and that is that the defendant claims that the work all over was not done in a workmanlike manner.

This is a matter entirely for the jury. You must determine from the evidence whether it was or was not. I have no comment to make upon that, because the witnesses on both sides were intelligent people and you must draw your own conclusions from their testimony." He thus unqualifiedly and properly left this question to the jury whose exclusive province it was to determine it.

The learned trial judge's remark in regard to matters that were insignificant assuredly cannot be successfully stated to have taken this question from the jury.

The appellees claimed $523 for certain work upon the main building for making certain alterations in it. This work was done upon it and was in no manner connected with any of the contracts for the erection of the back building. The exhibit annexed to appellee's statement sets forth the various items of labor, etc., amounting to $523, and appellant's affidavit of defense avers that she was entitled to a deduction in the sum of $71.00 for erroneous charges made in regard to the time employed upon the work and practically thus the sum of $71.00 was involved. Upon the trial one of the appellees with his book of original entries before him testified that the amount due appellees for work and materials furnished was $523 and the carpenter who had charge of the work kept a small book showing the items of charges for this alteration. He testified that he and appellant went over the account in this book and after devoting two hours to it verified it as to time employed in the work and this book was offered in evidence without objection. The evidence thus clearly establishes the extent of the time employed in the work. In view of this and the other proofs it is not deemed necessary to consider whether or not the books of original entries were competent. Their admission even if erroneous did not work any harm to appellant and therefore would not be a ground for reversal : Wynkoop v. Seal, 64 Pa. 361.

The assignments of error are not sustained and the judgment is affirmed.