EDWARD CASEY ET ALS. *vs*. THE MCFARLANE BROTHERS COMPANY.

Third Judicial District, New Haven, June Term, 1910.
HALL, C. J., PRENTICE, THAYER, RORABACK and ROBINSON, Js.

To enable a building contractor to recover for "extra" services and material under an implied contract, it is only necessary for him to prove that they were not contemplated in the original plans and specifications, but were performed and furnished under such circumstances as to make it fairly presumable that the owner of the building, who requested the work and received the benefit to be derived therefrom, expected, or at least ought to have expected, that they were to be paid for; and if these circumstances are established, a clause in the building contract providing that "no alterations" shall be made in the work except upon the written order of the architects, is not applicable and furnishes no defense to the contractor's claim.

Argued June 7th—decided July 12th, 1910.

ACTION to recover for alleged extra work and material in the erection of a building, brought to and tried by the Superior Court in Fairfield County, *Burpee, J.;* facts found and judgment rendered for the plaintiff, and appeal by the defendant. *No error.*

*Edward K. Nicholson,* for the appellant (defendant).

*John J. Phelan,* for the appellees (plaintiffs) was stopped by the court.

RORABACK, J.   This action was brought to recover for extra work and materials alleged to have been furnished and rendered in connection with the erection of a certain factory building for the defendant.

The only question presented by the appeal is whether the court erred in holding that the furnishing and laying of certain brick by the plaintiffs was an "extra" for which the defendant was liable to pay.  The defendant contended that this alleged extra work was included in the contract between the parties, and that the plaintiffs could not recover because of the provisions of article three of this contract, which provides that "no alterations shall be made in the work except upon written order of the architects; the amount to be paid by the owner or allowed by the contractor by virtue of such alterations to be stated in said order."

The Superior Court has found that these items were extra, and were furnished at the request of the defendant.

To render the person or party for whom services are performed liable therefor as a debtor under an implied promise that they should be duly recompensed in money, it is essential to show that they were rendered under such circumstances as make it fairly presumable that the party allowing them to be rendered and receiving the benefit to be derived from them expected, or at least ought to have expected, that they were to be paid for.   Such a presumption arises in reference to any species of work, labor, or employment which is usually and commonly the subject of hire and reward, and to be paid for whether any specific bargain is or is not made concerning it.   The plaintiffs have shown the facts necessary to enable them to avail themselves of that principle in support of their claim.   *Mahoney* v. *Hartford Investment Corporation*, 82 Conn. 280, 286, 73 Atl. 766.

Where the parties deviate from the original plan

agreed upon, and the terms of the original contract do not appear to be applicable to the new work, it being beyond what was originally contemplated by the parties, it is undoubtedly to be regarded and treated as work wholly extra, out of the scope of the contract, and may be recovered for as such. *Boody* v. *Rutland & B. R. Co.*, 24 Vt. 660, 665.

The provisions in the contract that "no alterations shall be made in the work except upon the written order of the architects" is not applicable to the plaintiffs' claim.

The materials and labor here sought to be recovered for were never contemplated in the original plans and specifications, and were not alterations within the provisions of the contract. *Mahoney* v. *Hartford Investment Corporation*, 82 Conn. 280, 73 Atl. 766; *Beattie* v. *McMullen*, 80 Conn. 160, 67 Atl. 488.

It is fair to assume that both parties remembered the terms of the contract and knew its legal effect. When the defendant requested the plaintiffs to perform its work and furnish these materials, which were not included in the contract, the plaintiffs had a right to understand that the defendant consented to be liable therefor.

There is no error.

In this opinion the other judges concurred.