PEOPLE, *for use of* DONALDSON, *v*. CLARK.

MUNICIPAL CORPORATIONS—BONDS—PUBLIC IMPROVEMENTS—NOTICE
—STATUTES—CONSTRUCTION.
  Under Act No. 384, Pub. Acts 1925 (since amended by Act
  No. 167, Pub. Acts 1927), providing that those furnishing ma-
  terials or supplies for a public improvement and relying on the
  security given by the principal contractor shall, within 60 days
  of the date of furnishing same, serve written notice thereof on
  the public officers or agents, notice served within 60 days of
  the date of the actual furnishing of the last material was suffi-
  cient to hold the surety liable.

Error to Oakland; Gillespie (Glenn C.), J. Sub-
mitted January 9, 1929. (Docket No. 25, Calendar
No. 33,921.) Decided March 29, 1929.

Assumpsit by the people of the State of Michigan
for the use and benefit of Bennett W. Donaldson and
Wallace J. Donaldson, copartners doing business
under the firm name of B. W. Donaldson & Com-
pany, against Frank L. Clark and American Em-
ployers' Insurance Company on a statutory bond.
Judgment for plaintiff. Defendant American Em-
ployers' Insurance Company brings error. Af-
firmed.

*Pelton & McGee,* for plaintiff.

*Goodloe H. Rogers* and *John P. Colden,* for ap-
pellant.

WIEST, J. Defendant Clark entered into contract
with the board of education of school district No. 4,

township of Pontiac, county of Oakland, to construct a schoolhouse. Defendant American Employers' Insurance Company was surety upon Clark's bond, given in accordance with the statute for the protection of materialmen and others. B. W. Donaldson & Co., a copartnership, furnished building materials from time to time as ordered in the course of construction of the schoolhouse. During the course of construction, Clark turned the contract over to the surety to complete and the surety finished the job. This suit was brought upon the bond for the benefit of the materialmen. Clark made no defense. The surety denied liability for material furnished more than 60 days before notice given by the materialmen to the board of education, relying upon a favorable construction of Act No. 384, Pub. Acts 1925. Upon trial, before the court, findings were made and judgment entered against both defendants for the full claim of the materialmen. Under proper exceptions, review by writ of error is prosecuted by the surety company.

The declared purpose of the statute requiring the bond is to insure payment of materialmen. The liability of the surety is statutory. The legislature, in imposing liability, could place limitations and conditions thereon. The law has for many years required such a bond.

The act of 1925 was an amendment of previous statutory provisions (Act No. 187, Pub. Acts 1905, 3 Comp. Laws 1915, § 14827 *et seq.*), and for the first time attempted to fix a period within which materialmen should give notice to the school board and that board should give notice over to the surety.

Decision in this case turns upon the construction to be given the following language in the act of 1925 (No. 384):

"SEC. 2. * * * All others, excepting those furnishing labor, relying upon the security given by the principal contractor, shall within sixty days of the date of the actual furnishing of materials or supplies serve a written notice in duplicate upon the board of officers or agents contracting on behalf of the State, county, city, village, township, or school district as aforesaid, that such contractor or subcontractor is indebted to them in a specified amount or for the furnishing of certain specified materials or supplies on account of such contract, and the said board of officers or agents shall within ten days thereafter furnish a copy of such notice to the sureties for the principal contractor."

What is meant by "the date of the actual furnishing of materials"? The language is ambiguous, but apparently contemplates one date and one notice. One date, except the last, cannot be fixed by actual furnishing of materials covering a long period. We are asked to hold that the date is reached every 59 days. This would read into the statute a limitation favorable to a hired surety. Such is not the policy of the law. The legislature noticed the ambiguity, and, by Act No. 167, Pub. Acts 1927, made the furnishing of the last material fix the date. The act of 1925 (No. 384) designated no date beyond that of the last date. The notice was given within 60 days of the date of the actual furnishing of the last material, and the surety is liable.

The judgment is affirmed, with costs to plaintiff.

NORTH, C. J., and FEAD, FELLOWS, CLARK, MCDONALD, POTTER, and SHARPE, JJ., concurred.