MORLEY BROTHERS, INC., *v.* F. R. PATTERSON
CONSTRUCTION CO.

1. CONTRACTS—VARIATION BY PAROL AGREEMENT.

A written contract may be varied by subsequent parol agreement unless forbidden by the statute of frauds even though original contract stipulates that it is not to be changed except by written agreement.

2. SAME—CONTRACT FOR EXTRAS—MUNICIPAL CORPORATIONS—WATER WORKS.

Evidence *held,* to justify inference that contractor would pay for builders' hardware furnished as extra by subcontractor if it was determined that disputed items were not included in contract for construction of municipal water works where there was no meeting of the minds as to what items the original contract covered.

3. Same—Contract for Extras—Arbitration.

    Separate agreement made between contractor and subcontractor for furnishing extras on municipal water works *held*, not subject to that part of original contract relating to board of arbitration.

4. Same—Waiver of Liens—Subcontractor's Right of Action—Municipal Corporations—Statutory Bond.

    Provision of contract as to municipal water works construction between contractor and subcontractor that latter agreed to waive all liens on land or buildings does not release his right to sue on statutory bond (3 Comp. Laws 1929, § 13132).

5. Appeal and Error—Curing Error—Written Opinion—Court Rules.

    Error of trial court in failing to file written opinion in case tried without jury as required by Court Rule No. 37, § 11c (1933), was, under the circumstances, cured by filing one after case was presented in this court pursuant to Court Rule No. 72 (1933).

Appeal from Wayne; Toms (Robert M.), J. Submitted January 4, 1934. (Docket No. 48, Calendar No. 37,528.) Decided March 6, 1934.

Assumpsit by Morley Brothers, Inc., a Michigan corporation, against F. R. Patterson Construction Company, a Michigan corporation, and National Surety Company, a foreign corporation, on a public works construction bond. Judgment for plaintiff. Both parties appeal. Reversed and remanded with direction to enter judgment for plaintiff for modified amount.

*O'Keefe & O'Keefe* and *Lawhead & Kenney,* for plaintiff.

*Coulter & Hampton,* for defendants.

Edward M. Sharpe, J. In July, 1927, the defendant F. R. Patterson Construction Company entered

into a contract with the city of Saginaw for the construction of a pumping and purification station with the defendant National Surety Company as surety under the statute (3 Comp. Laws 1929, § 13132) requiring a bond for the payment of all labor and materials used in the fulfilment of such contract and for the payment of all subcontractors, etc.

Plaintiff is a subcontractor and entered into an agreement to supply certain hardware to be installed in the waterworks building. The bid of plaintiff was based on a list of hardware made up from a blueprint procured from the architect named in the contract. The bid was made from the architectural or "C" plans. In addition to the "C" plans there were two other sets of plans known as the "A" and "B" plans, although at the time plaintiff made its bid it did not know of these additional plans.

Plaintiff furnished hardware on the "C" plans and there is now due for that hardware the sum of $402.78. Plaintiff also furnished hardware as found on the "A" and "B" plans and also other hardware called for by certain stickers attached to the "B" plans after the original contract was entered into.

August 7, 1928, after discovering that hardware was required that was not mentioned in the "C" plans, plaintiff wrote defendant F. R. Patterson Construction Company and submitted a price of $435.32 for the additional hardware. Later plaintiff's agent went to Detroit to see Mr. Welch of the F. R. Patterson Construction Company about filling this order. Other materials were furnished at the request of the field man who represented the defendant construction company in charge of the water works job.

Article 5 of the contract provides that extras shall be agreed upon in writing. Article 13 of the contract

is an agreement on the part of plaintiff to waive and release all lien or right of lien upon the land and building. Article 14 pertains to a board of arbitration in case the parties disagree as to any clause in the contract and provides ways and means of settling such disputes.

Defendant admitted liability for certain items as to which plaintiff produced written orders. Two items of $435.32 and $89.65 remained in dispute. The case was tried before the court without a jury and the trial judge found for the plaintiff in the sum of $1,053, having deducted an unexplained item of $109. Defendants appealed and plaintiff filed a cross-appeal for the full amount of its claim.

The plaintiff contends that the additional items of hardware are extras, not contemplated by nor found in the original contract, which having been later ordered by the defendant must be paid for as extras. The defendant construction company contends that these items were all included in the original contract; or, if not, that inasmuch as the contract provides that orders covering extras must be in writing the plaintiff cannot prevail, and further that plaintiff cannot recover since it did not submit this dispute to arbitration. Defendants also ask for a reversal on the ground that the trial court failed to dictate or file an opinion setting forth the reasons for the judgment.

It is well-established that a written contract may be varied by a subsequent parol agreement unless forbidden by the statute of frauds. This rule obtains even though the parties to the original contract stipulate therein that it is not to be changed except by agreement in writing. *Reid* v. *Bradstreet Co.*, 256 Mich. 282. Such a provision in a contract does not prevent the parties thereto from dealing other-

wise by mutual consent. *Banwell* v. *Risdon,* 258 Mich. 274. See, also, *Strom-Johnson Construction Co.* v. *Riverview Furniture Store,* 227 Mich. 55; *Casey & Hurley* v. *McFarlane Bros. Manfg. Co.,* 83 Conn. 442 (76 Atl. 515); *Causte* v. *Board of Chosen Freeholders, Essex County,* 9 N. J. Misc. 2 (152 Atl. 640); *Shultz* v. *Seibel,* 209 Pa. 27 (57 Atl. 1120).

Since plaintiff was not barred by the stipulations in the written contract from showing subsequent oral orders for extras, it must now be determined whether defendant F. R. Patterson Construction Company gave such orders. The evidence shows that the defendant construction company insisted upon the delivery of the hardware in order that it might complete its own work; that when plaintiff discovered additional hardware was required it wrote to defendant construction company and quoted prices on the same; and that the construction company told plaintiff to furnish the materials. It is a fair inference now, and plaintiff would then have been justified in implying, that the construction company was willing to pay for the hardware as extras if it should later be determined that the disputed items were not included in the contract.

In order to determine whether these items were included in plaintiff's contract, the circumstances of making the contract must be considered. The defendant construction company had obtained the bid for the construction of the Saginaw waterworks. Plaintiff knew that subcontracts would be let for various materials. Having obtained permission of the F. R. Patterson Construction Company to submit a bid on builders' hardware, it went to the city engineer, the architect named in the contract, and was given a set of plans which later turned out to be incomplete. The blueprints plaintiff received did

not appear on their face to be incomplete or partial. They were intelligible without the consideration of any supplemental plans and plaintiff went ahead and made its bid and did not discover· that there were any other plans until after it had begun performance of its contract. Under these circumstances the vague, ambiguous and general language of the contract would not give plaintiff notice of the existence of any other plans. There was consequently no meeting of the minds as to what the original contract covered, and we must hold that a separate agreement was later made for the additional hardware on which plaintiff may recover.

Inasmuch as a separate agreement was made for extras, that part of the contract relating to a board of arbitration does not apply.

We cannot agree with defendants that article 13 of the contract is a release by the plaintiff of its right to sue on the bond. As was said in *People, for use of Donaldson,* v. *Clark,* 246 Mich. 373, 374:

"The declared purpose of the statute requiring the bond is to insure payment of materialmen. The liability of the surety is statutory."

The trial court failed to file a written opinion as required by Court Rule No. 37, § 11, subd. c (1933). Appellants contend the failure leaves the judgment without basis of findings and is reversible error. Since the case was presented the court has filed a written opinion to complete the record which we are inclined to receive under Court Rule No. 72 (1933), because it may be done without injustice and, under the circumstances, hold that the error has been corrected.

The amount admitted owing is $402.78. Written orders for extras in the amounts of $31, $20.65 and

$8 were acknowledged by defendant construction company on the trial. We have found that the items of $435.32 and $89.65, quoted to the defendant construction company and furnished at the direction and request of appellants' representatives, were extras for which plaintiff is entitled to compensation.

The judgment entered will be reversed and set aside, with costs to plaintiff and the cause remanded to the trial court with direction to enter a judgment thereon for the sum of $987.40 and interest.

NELSON SHARPE, C. J., and POTTER, NORTH, FEAD, WIEST, BUTZEL, and BUSHNELL, JJ., concurred.