## Wexler Construction Company, Inc. *v.* Housing Authority of the Town of Norwich

King, Murphy, Shea, Alcorn and Leipner, Js.

Argued May 1—decided July 5, 1962

*Paul J. Driscoll,* with whom, on the brief, was *Leo J. McNamara,* for the appellant (defendant).

*Ernest W. McCormick,* with whom, on the brief, were *Bruce W. Manternach, Lee C. Fielden* and *Colin C. Tait,* for the appellee (plaintiff).

KING, J. This is an action in which, under the first count, the plaintiff, a general contractor, seeks to recover on behalf of its subcontractor the reasonable value of work performed by the latter, outside the scope of the original construction contract, at the request of the defendant, the owner.[1] The other claims of the plaintiff will be discussed later. Although the trial was lengthy and the details involved, the facts necessary for an understanding of our decision will be given in an abbreviated and simplified form.

The plaintiff, as the general contractor, entered into a contract with the defendant on May 13, 1950, for the construction of a housing project in Norwich for a price of $466,809. The plaintiff subcontracted the site development portion of the work to the Candor Construction Company, Inc., of Norwich, hereinafter referred to as Candor, for a price of $44,000. Candor commenced its work on or about May 18, 1950. Shortly thereafter, drainage and resulting grading problems were encountered, and they eventually made it necessary for Candor substantially to deviate from the site development plans called for in the contract between the plaintiff and the defendant. Some of these deviations were made pursuant to written change orders and were, therefore, in accordance with the terms of the con-

---

[1] A claim under the first count for recovery by the plaintiff of extra costs on its own behalf was waived at the trial.

tract. However, even on the claims of proof most favorable to the plaintiff, many of the deviations were not covered by change orders but were made outside the contract in accordance with oral directives given by representatives of the defendant. Some of these directives apparently were given to the plaintiff to pass along to Candor, and others were given directly to Candor. In consequence of these orally authorized deviations, the time and the cost involved in developing the project site were greatly increased.

Finally, on November 6, 1951, some thirteen and a half months after the time when the project was to have been completed, the defendant ordered the site development work stopped in order to afford it an opportunity to work out solutions to the drainage and grading problems. A large amount of corrective and additional drainage and site development work still remained to be performed. All the work required to be performed under the plaintiff's contract with the defendant, apart from the site development work, was fully performed in accordance with the contract. The site development work was finally completed by another contractor following new competitive bids on new plans, which were submitted by a new architect.

Under the first count, the plaintiff sought recovery, on behalf of Candor, of $178,672.27, with interest, in quantum meruit. This is claimed to be the reasonable value of the work done outside the contract by Candor at the request of the defendant, either directly or through the plaintiff. In the earlier stages of this protracted litigation, the defendant demurred to this count on the ground that it did not allege that the plaintiff was in any way liable to Candor so as to entitle the plaintiff to

maintain the action on Candor's behalf. We held, on appeal from the action of the trial court in sustaining the demurrer, that the allegations of the complaint were sufficiently broad to allege that the plaintiff was liable to Candor. We did not decide whether evidence of such liability was required. The judgment was ordered set aside, and the case was remanded with direction to overrule the demurrer. *Wexler Construction Co.* v. *Housing Authority,* 144 Conn. 187, 194, 128 A.2d 540.

A basic claim of the defendant on this appeal is that the liability of the plaintiff to Candor is a prerequisite to recovery and has not been proven. The plaintiff claims that such liability is not a prerequisite to its right of recovery. "It is a fundamental concept of judicial administration that no person is entitled to set the machinery of the courts into operation unless for the purpose of obtaining redress for an injury he has suffered or to prevent an injury he may suffer, either in an individual or representative capacity." *Waterbury Trust Co.* v. *Porter,* 130 Conn. 494, 498, 35 A.2d 837; *Bassett* v. *Desmond,* 140 Conn. 426, 430, 101 A.2d 294. A plaintiff can recover only by proving that he himself is entitled to prevail on the cause of action alleged. It is not enough that he prove that some other person, not a party to the case, would be entitled to recover on that cause of action. The only way in which the plaintiff here could be injured, under the allegations of the first count, is if it is liable to Candor in connection with the extra work. A contractor is not necessarily, nor even generally, liable to its subcontractor for the extra work done by the subcontractor by reason of fault on the part of the owner or his agents. See *Lichter* v. *Mellon-Stuart Co.,* 196 F. Sup. 149, 151 (W.D.Pa.); *McGrath* v. *Electrical*

*Construction Co.,* 230 Ore. 295, 304, 364 P.2d 604, rehearing denied, 230 Ore. 295, 309, 370 P.2d 231.

The cases of *St. Paul Dredging Co.* v. *State,* 259 Minn. 398, 407, 107 N.W.2d 717, and *United States* v. *Blair,* 321 U.S. 730, 737, 64 S. Ct. 820, 88 L. Ed. 1039, on which the plaintiff relies to support its proposition that no liability from a contractor to a subcontractor need be proven in order for the former to maintain an action on behalf of the latter, are distinguishable from the present case. The apparent basis of those decisions was that under the particular facts the subcontractor would not have been able to recover in an action brought by himself against the government, so that unless a suit were maintainable by the principal contractor on behalf of the subcontractor the latter would be remediless. It was therefore held that in the absence of express provisions in the subcontract negating liability of the contractor to the subcontractor for extra work, recovery could be had by and in the name of the principal contractor on behalf of the subcontractor. Such considerations of policy are inapplicable here, since no reason appears why Candor itself would have any difficulty in recovering for extra work performed by it outside the contract, on the theory of an implied contract. See *Butler* v. *Solomon,* 127 Conn. 613, 615, 18 A.2d 685; *Casey* v. *McFarlane Bros. Co.,* 83 Conn. 442, 444, 76 A. 515; *Mahoney* v. *Hartford Investment Corporation,* 82 Conn. 280, 286, 73 A. 766. An inspection of the file discloses that the plaintiff attempted to substitute Candor as sole plaintiff under the first count of the complaint, and that the motion was denied at the behest of the defendant. The memorandum of decision, however, makes it clear that Candor could have been added as a party plaintiff and the first count so amended

as clearly to allege a cause of action by Candor in its own behalf. The record discloses no reason why this course was not followed. The plaintiff has failed to bring itself within any exception to the usual rule denying a right of recovery to a plaintiff who has neither suffered nor been threatened with injury. The defendant, in a request to charge, properly raised the claim that liability of the plaintiff to Candor was a prerequisite to recovery. The court did not, in any manner, comply with this request. On the contrary, the charge assumed that liability was not a prerequisite to recovery. This was reversible error. *Worden* v. *Francis,* 148 Conn. 459, 464, 172 A.2d 196.

In the second count, the plaintiff sought recovery, on its own behalf, of $13,712.68 in damages, plus interest, for increased overhead costs incurred by it owing to the delay in the construction of the project. The jury awarded the plaintiff $3234.95 on this count. A third count sought recovery of $10,000 in damages, plus interest, for money claimed to have been retained by the defendant from payments due the plaintiff under the contract for work other than excavation and site development work. The jury awarded the plaintiff $14,500 on this count. A fourth count was not called in question in this appeal and need not be considered.[2] The defendant filed a counterclaim which asked damages for the plaintiff's failure properly to perform the contract.

---

[2] It is impossible to determine from the record what, if any, action was taken on this fourth count. The plaintiff's brief states that it was "not pressed at the trial." The record indicates that no verdict was rendered on it. The file itself contains no verdict on it. The finding indicates that the court charged on it. The judgment file states that the jury returned a verdict for the defendant on the fourth count. Counsel should cooperate in seeing that the judgment file conforms to whatever the fact may be.

The jury returned a verdict for the plaintiff on the counterclaim.

The defendant has not specifically assigned error as to the cause of action forming the subject matter of the second count or the cause of action forming the subject matter of the counterclaim, and therefore we have no occasion to consider either of them. Practice Book § 409; *Maggi* v. *Mendillo,* 147 Conn. 663, 670, 165 A.2d 603; *Jeschor* v. *Guilford,* 143 Conn. 152, 156, 120 A.2d 419. The only specific assignment of error concerning the third count is the refusal of the court to charge as requested by the defendant in regard to an abandonment of the contract by the plaintiff. This assignment of error was not pursued in the defendant's brief and is not considered. *State* v. *Harris,* 147 Conn. 589, 591, 164 A.2d 399; *State* v. *Holloway,* 147 Conn. 22, 24, 156 A.2d 466. There is no error on the second and third counts, nor on the counterclaim.

There is error as to the first count only, and as to that count the judgment is set aside and a new trial is ordered.

In this opinion the other judges concurred.