[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION TO STRIKE #107
On September 15, 1998, the plaintiff, The Atlas Construction Company, filed a ten count revised complaint against the defendant, Amity Regional School District No. 5, sounding in breach of contract. The plaintiff alleges that the defendant breached the contract in various ways, and the plaintiff seeks the amount due on the original contract price and interest, costs of additional work performed, and liability for a subcontractor's claim against the plaintiff. The plaintiff further seeks damages arising from the destruction of the plaintiff's business, punitive damages and payment for the reasonable, fair value of labor, materials and equipment.
On October 2, 1998, the defendant filed a motion to strike counts two through ten of the plaintiff's revised complaint. Pursuant to Practice Book § 10-42, the defendant filed a memorandum in support of its motion to strike and the plaintiff has filed a memorandum in opposition.
"The purpose of a motion to strike is to contest . . . the legal sufficiency of the allegations of any complaint . . . to state a claim upon which relief can be granted. (Internal quotation marks omitted.) Peter-Michael, Inc. v. Sea ShellAssociates, 244 Conn. 269, 270, 709 A.2d 558 (1998). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint. The court must construe the facts in the complaint most favorably to the plaintiff." Faulkner v. UnitedTechnologies Corp. , 240 Conn. 576, 580, 693 A.2d 293 (1997). "A motion to strike is properly granted if the complaint alleges mere conclusions of law that are unsupported by the facts alleged." Novametrix Medical Systems. Inc. v. BOC Group, Inc.,224 Conn. 210, 214-15, 618 A.2d 25 (1992). CT Page 3404
 Counts Two through Ten
The defendant moves to strike counts two through ten of the plaintiff's revised complaint on the ground that they "improperly cumulate damages by incorporating from prior counts independent claims for damages [and] should be stricken or modified to exclude the cumulative clauses." (Motion to Strike, filed 10/2/98, p. 2.) In its supporting memorandum, the defendant contends that the plaintiff improperly incorporates damages "from the preceding count or counts" in counts two through ten, but that "[t]he effect of this accumulation is to multiply the potential of [its] recovery beyond what is legally sufficient." (Def.'s Mem., Supp., filed 10/2/98, p. 6.) The defendant then enumerates the specific paragraphs within each count that it seeks to have stricken.
The plaintiff argues that the "[r]evised complaint does not cumulate damages. . . ." (Pl's Mem. Opp., filed 10/28/98, p. 12.) The plaintiff specifies the different damages it seeks in each of the counts and it concludes that each successive count does not cumulate the previous count's damage claim. The plaintiff also argues that a motion to strike based on said "cumulative damages" is not proper as it is not specifically delineated in Practice Book § 10-39.
As a threshold matter, the court addresses the plaintiff's argument that a motion to strike based on "cumulative damages" is not proper because its not specifically delineated in Practice Book § 10-39. Practice Book § 10-39(a)(2) provides that a party may contest "the legal sufficiency of a prayer for relief in any complaint" by a motion to strike. "A motion to strike challenging the legal sufficiency of the plaintiff's prayer for relief [means that], assuming the truth of the allegations in the complaint, the relief sought could not be legally awarded to the plaintiff." Schlicher v. Schwartz,
Superior Court, judicial district of Litchfield, Docket No. 075123, (January 9, 1998, Pickett, J.); Kavarco v. T.J.E., Inc.,2 Conn. App. 294, 298 n. 4, 478 A.2d 257 (1984). Therefore the defendant may move to strike counts two through ten on the ground that these counts improperly cumulate the damage from each preceding count.
The court next considers the defendant's argument that the "cumulative damages" asserted in counts two through ten CT Page 3405 should be modified. The defendant may not to strike counts two through ten because these counts "should be . . . modified." "A request to revise, and not a motion to strike, is the proper procedural device for deletion of duplicative pleadings."Federal National Mortgage Assoc. v. Spooner, Superior Court, judicial district of Ansonia/Milford at Milford, Docket No. 055501, (January 7, 1998, Curran, J.).
Finally, the court considers the defendants argument that counts two through ten should be stricken because no cause of action exists for which a party may recover "cumulative damages." The plaintiff has not cumulated its damages. The plaintiff begins its revised complaint by setting out in count one, the background leading to execution of the construction contract; then, the plaintiff makes a claim in count one for the unpaid balance of the contract. In each successive count, the plaintiff incorporates the whole of the preceding count, including the preceding counts prayer for relief. While it is accepted practice for parties drafting complaints to use the "incorporation by reference" tool to avoid complete reiteration of facts set out in prior counts, these parties typically only incorporate facts, and do not, as the plaintiff does in its revised complaint, incorporate a prior count'sprayer for relief.[1] However, the court's research has not revealed a rule which specifically proscribes incorporating a prior count's prayer for relief. The court also notes that it is constrained to construe "the facts in the complaint most favorably to the plaintiff." Faulkner v. United TechnologiesCorp. , supra, 240 Conn. 580. The plaintiff's revised complaint sets out a distinct damage claim in each successive count rather than cumulating damages with each successive count.
The defendant's motion to strike counts two through ten on the ground that they improperly cumulate damages is denied.
 Counts Two through Five and Seven
The defendant also moves to strike counts two through five and count seven on the ground that they fail to state valid claims because these counts "improperly multiply [the plaintiff's] single legal theory of breach of contract and should be stricken or merged into a single breach of contract count." (Motion to Strike, p. 1.)
The plaintiff counters that the defendant is improperly using CT Page 3406 the motion to strike to obtain revisions to the revised complaint.
The essence of the defendant's argument is that counts two through five and seven are repetitive. "A request to revise, and not a motion to strike, is the proper procedural device for deletion of duplicative pleadings." Federal National MortgageAssoc. v. Spooner, supra, Superior Court, Docket No. 055501. The defendants motion to strike counts two through five and seven is denied.
 Count Six
The defendant moves to strike count six on the ground that it alleges "a pass-through" claim of [the plaintiff's] subcontractor, United Steel, . . . and there is no privity of contract between United Steel and [the defendant]." (Motion to Strike, p. 7.) The defendant cites a provision of the construction contract which specifically excludes a contractual relationship between the defendant and the subcontractor.[2]
Count six of the plaintiff's revised complaint alleges the following: "As a result of the [defendant's] breaches of contract and warranty as aforesaid, [the contractor] is liable to the [subcontractor] for its costs, expenses and damages arising therefrom." (Revised Complaint, filed 9/15/98, ¶ 30, p. 11.)
The defendant also argues that count six violates public policy as the plaintiff is attempting to shift its costs from the asserted breach of contract and warranty to the defendant. The defendant asserts that these costs are compensable by the bond which the plaintiff was required to post, pursuant to the "bid documents, which were incorporated into the [construction] [c]ontract." (Motion to Strike, p. 8.)
The plaintiff argues that count six is a legally sufficient claim because allegations that the plaintiff, a contractor, is liable to United Steel, its subcontractor, create a legally sufficient claim against the defendant.
"It is a fundamental concept of judicial administration that no person is entitled to set the machinery of the courts into operation unless for the purpose of obtaining redress for an injury he has suffered or to prevent an injury he may suffer. . . ." Wexler Construction Co. v. Housing Authority,149 Conn. 602, 605, 183 A.2d 262 (1962) "A contractor is not necessarily, or even generally, liable to its subcontractor for CT Page 3407 the extra work done by the subcontractor by reason of fault on the part of the owner. . . ." Id. Thus, "proof of the liability of the . . . contractor to the subcontractor is a prerequisite to recovery by the . . . contractor for an injury alleged to have been sustained by the subcontractor." Walter Kidde Constructors, Inc.v. State, 37 Conn. Sup. 50, 68, 434 A.2d 962 (1981).
In Walter Kidde Constructors. Inc. v. State, supra,37 Conn. Sup. 72, the court found that the plaintiff-contractor's amended complaint successfully stated a cause of action for damages sustained by its subcontractor. In that case, the relevant complaint language provided: "By reason of the State's breaches of contract as aforesaid, [the plaintiff-contractor] and the named subcontractor have suffered severe financial harm and detriment in a specified amount and . . . a claim in that amount has been presented to [the plaintiff-contractor] by the subcontractor; and [the plaintiff-contractor] is liable to the . . . subcontractor for said damages." (Internal quotation marks omitted.) Id. The court noted that "[the plaintiff-contractors] inclusion of the express allegation that it was liable for the damages caused by the states breaches of its contract with the plaintiff-contractor . . . satisfied the first condition precedent to successfully suing on behalf of its subcontractor [as the plaintiff-contractor] . . . [alleged] its own liability . . . for the claimed damages." Id.
Count six alleges that as a result of the defendant's breaches, the plaintiff's subcontractor, United Steel, suffered financial harm and has made a claim against the plaintiff for damages. The plaintiff further alleges that the plaintiff is liable to United Steel for its damages. The plaintiff has set forth a legally sufficient claim by a plaintiff-contractor for damages sustained by the subcontractor because in said claim, the plaintiff-contractor expressly alleges its liability to its subcontractor. A contract does not need to exist between the plaintiff and United Steel.
The court will not consider the defendants public policy argument as it refers to facts outside the pleadings, facts contained in the bid documents, and thus constitutes a speaking motion to strike. Doe v. Marselle, 38 Conn. App. 360, 364,660 A.2d 871 (1995), rev'd on other grounds, 236 Conn. 845,675 A.2d 835 (1996).
The defendant's motion to strike count six is denied. CT Page 3408
 Count Nine
The defendant also moves to strike count nine on the ground that it fails to state valid claim for punitive damages. The defendant notes that this ninth count incorporates the eighth count, which in its turn, incorporates every preceding count of the complaint. The defendant reasons that as "[a]ll ten counts of the [c]omplaint sound in contract [and as] there are no allegations of negligence or tortious conduct"; (Motion to Strike, p. 12); the plaintiff's allegation, in count nine, that these acts and omissions "were willful, wanton, reckless, malicious and oppressive" is conclusory, for "nowhere in its [c]omplaint does it describe the nature of [the defendant's] acts and omissions. Merely categorizing [the defendant's] alleged acts and omissions in plain, generalized assertions (willful, wanton) in order to claim punitive damages, is not adequate. . . ." (Motion to Strike, p. 14.)
The plaintiff argues that count nine is legally sufficient because it alleges that the defendant's conduct was "willful, wanton, reckless, malicious and oppressive," language which Connecticut caselaw has found to support a cause of action for recovery of punitive damages. See L.F. Pace Sons. Inc. v.Travelers Indemnity Co., 9 Conn. App. 30, 47-48, 514 A.2d 766, cert. denied, 201 Conn. 811, 516 A.2d 886 (1986); MGA, Inc. v.Goellner, Superior Court, judicial district of Stamford/Norwalk at Stamford, Docket No. 154820, (December 16, 1997, Karazin, J.);Berry v. Shearin, 1996 WL 58091 (Conn.Super.Ct. Aug. 23, 1996).
"Punitive damages are not ordinarily recoverable for breach of contract." Barry v. Posi-Seal International, Inc.,40 Conn. App. 577, 584, 672 A.2d 514, cert. denied, 237 Conn. 917,676 A.2d 137 (1996). "The few classes of cases, [however,] in which such damages have been allowed contain elements which bring them within the field tort. . . . Breach of contract founded on tortious conduct may allow the award of punitive damages. Such tortious conduct must be alleged in terms of wanton and malicious injury, evil motive and violence; for punitive damages may be awarded only for outrageous conduct, that is, for acts done with a bad motive or with a reckless indifference to the interests of others." L.F. Pace Sons. Inc. v. TravelersIndemnity Co., supra, 9 Conn. App. 47-48. "Wilful or malicious injury is one caused by design . . . Its characteristic element CT Page 3409 is the design to injure either actually entertained or to be implied from the conduct and circumstances." Markey v.Santangelo, 195 Conn. 76, 77, 485 A.2d 1305 (1985).
As a threshold matter, research reveals only one reported case, L.F. Pace Sons, Inc. v. Travelers Indemnity Co., supra,9 Conn. App. 48-9, wherein an award of punitive damages was allowed in a breach of contract action and upheld on appeal.[3]
In L.F. Pace Sons, Inc. v. Travelers Indemnity Co., supra, the plaintiff was damaged when the defendant breached an implied agreement to issue certain surety bonds. Pursuant to bid or performance bond, the surety indemnifies an owner against the contractor's failure to perform once the contract has been awarded. Id., 32 n. 2. In that case, after the plaintiff-contractor was awarded the contract, its surety refused to issue the bonds. Because the plaintiff-contractor was unable to obtain substitute bonds, it lost the contract. Id., 33. Thereafter, the plaintiff was unable to obtain the supporting bonds necessary for obtaining any new construction contracts and eventually, the plaintiff lost its business. Id.
The trial court allowed punitive damages, and the appellate court affirmed, reasoning that the complaint disclosed "allegations of tortious misconduct by the defendant in its refusal to furnish the payment and performance bonds in violation of its implied contract after issuing the bid bond on the . . . project. In substance, the plaintiff alleges therein malicious and wanton misconduct." L.F. Pace Sons. Inc. v.Travelers Indemnity Co., supra, 9 Conn. App. 48.
The allegations of the instant complaint do not rise to the level of the allegations contained in L.F. Pace and Sons, Inc.v. Travelers Indemnity Co., supra. The gravamen of the injury asserted in the L.F. Pace case was that the defendant maliciously destroyed the plaintiff's business opportunity in the construction contract. This destruction malicious because of the nature of a bid/performance bond contract. The surety knew, because of standard business practice, that the plaintiff-contractor, its client, could only obtain and maintain the construction contract if the bid and performance bonds were issued. In the present case, by contrast, the plaintiff fails to set out facts showing either a specific tort or "outrageous conduct . . . done with a bad motive or with a reckless indifference to the interests of others." L.F. Pace Sons. Inc.v. Travelers Indemnity Co., supra, 9 Conn. App. 48. Count nine, CT Page 3410 which incorporates counts one through eight merely alleges that the defendant breached both the express construction contract and an implied contract. As pleaded, count nine does not set out facts showing that said breaches were outrageous. Outrageousness connotes conduct which is "offensive, notorious, odious, [or] repulsive." Blacks Law Dictionary (5th Edition 1986). Nowhere in count nine does the plaintiff set out in what way said breaches were more than negligent. Nor can the injuries resulting from said breaches be said to be "wilful or malicious [as] . . . caused by design . . implied from the conduct and circumstances."Markey v. Santangelo, supra, 195 Conn. 77. Nowhere in count nine does the plaintiff set out why the breaches were "wilful or malicious" as opposed to negligent. As pleaded, most of the plaintiff's compensatory and consequential damages result from its continued performance contracts which the defendant breached. In the L.F. Pace case, the compensatory and consequential damages to the plaintiff-contractor resulted directly from the surety's breach.
The defendant's motion to strike count nine, its claim for punitive damages, is granted.
For the foregoing reasons, the motion to strike is granted as to count nine. The motion to strike is denied as to counts two through eight and ten.
John W. Moran, Judge