[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] RULING ON MOTION FOR SUMMARY JUDGMENT
The plaintiff, a subcontractor in the carpentry, wallboard and insulation business, has brought the above-entitled action against Naek Construction Company, Inc. ("Naek"), Fireman's Fund Insurance Company, and the First Baptist Church of Hartford, for the recovery of amounts CT Page 5741-gy allegedly due because of work performed during the construction of the church's new building in Bloomfield. Naek was the general contractor, Fireman's Fund the provider of Naek's bond, and the First Baptist Church is the owner. The plaintiff has brought an unjust enrichment claim against the owner in the fourth count: it claims that the church ordered changes and additions, and received the benefits of the changes and additions, without compensating the plaintiff. The defendant church has moved for summary judgment, on the ground that it has paid the general contractor the fill amount of the contract price, and there is no privity of contract between the plaintiff and the church.
Summary judgment should be granted "if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Section 17-49 of the Practice Book. A material fact is one which will make a difference in the result. Barrett v. SouthernConnecticut Gas Company, 172 Conn. 362, 378 (1977). The movant has the burden of showing the absence of a genuine issue, and the evidence is to be viewed in the light most favorable to the nonmoving party. Hammer v.Lumberman's Mutual Casualty Company, 214 Conn. 573, 578 (1990). If the moving party successfully sustains its burden, the opposing party has the burden of presenting evidence to show that there is a genuine issue. It is not enough to state in conclusory fashion that an issue exists. Dailyv. New Britain Machine Company, 200 Conn. 562, 568 (1986). The motion should be granted if a verdict would be directed on the same evidence.Batick v. Seymour, 186 Conn. 632, 647 (1984).
It is of course true, as a general proposition, that payment in full to a general contractor relieves the owner of any obligation to pay the subcontractor, and the subcontractor has no ability to claim otherwise in an action premised on the principle of unjust enrichment. See, e.g.,Garwood Sons Construction Co., Inc. v. Centos Associates LimitedPartnership, 8 Conn. App. 185 (1986). I agree with the defendant church to the extent that it argues that Connecticut does not appear to recognize an exception to the principle where unjust enrichment is alleged.
The plaintiff, however, has produced the affidavit of its president, Frank Simpson, which alleges facts to the effect that one or more separate subsequent agreements were entered into directly between the plaintiff and the owner. See, e.g., Wexler Construction Company v. HousingAuthority, 149 Conn. 602, 606 (1941). A question of fact is then presented as to whether the principles stated in Garwood Sons apply. Because genuine issues of material fact exist, the motion for summary CT Page 5741-gz judgment is denied.
Beach, J.