DANIEL SPRAGUE AND WIFE vs. HOWARD W. TAYLOR.

New Haven & Fairfield Cos., Oct. T., 1889. ANDREWS, C. J., CARPEN-
TER, LOOMIS, J. M. HALL and THAYER, Js.

The defendant, an attorney at law, was employed by one *K* to collect, by a
  suit in this state, a judgment against *S*, rendered by a court of the state
  of New York.  The defendant had been counsel for *S* in other mat-
  ters and believed that he would come to him for professional assistance
  when sued on *K's* judgment.  He therefore procured another attorney
  to sign the writ and deliver it to an officer for service.  In this writ the
  wife of *S* was made a joint defendant.  When the writ was served
  upon them *S* and his wife came to the defendant to retain him as their
  counsel in the suit, and he accepted the retainer.  He then agreed to
  go to the state of New York and ascertain whether the wife was on
  the bond on which the judgment was based.  He did so, and ascer-
  tained that she was not, but on his return falsely represented to them
  that she was, and advised them to settle the case on the best terms they
  could.  The wife, believing this statement and relying on his advice as
  her counsel, borrowed the money upon a mortgage of her real estate,
  and paid $1,875 in settlement of the suit.  In a suit afterwards brought
  by *S* and his wife for the fraud and deceit, it was held—

1. That evidence offered by the defendant to show that the real estate mort-
   gaged by the wife to raise the money, was purchased with money of her
   husband, and the title taken to her to protect it against the claim of *K*
   on his judgment, was not admissible as going to show that she was not
   damaged by the fraud.

Nor as going to disprove the allegation of the complaint that the money
   paid by her was her money.

Nor as conflicting with her testimony that the defendant made the false
   representations and corroborating his that he did not.

Nor as going to show that the false representations were not the induce-
   ment to the paying of the money; but her apprehension that the land
   might be taken for her husband's debt; she having made herself per-
   sonally liable on the mortgage note, and it not appearing that she had
   not other property sufficient to satisfy the judgment.

It was not necessary that the defendant's false representations should have
   been the sole inducement to the settlement.

Nor was it enough for him to show the mere existence of other facts which
   might have been the operative inducement.

The plaintiffs averred in their complaint that the defendant had been re-
   tained as their counsel at the time he instituted the suit against them.
   The complaint however alleged other facts which, independently of this
   averment, were sufficient to constitute a case of fraud on the part of
   the defendant, and it did not appear that the former averment consti-
   tuted the gist of the action.  Held that these latter averments being

sufficient for a recovery, and being proved, it was of no legal impor-
tance that the former allegation was not proved, although it presented
a distinct and sufficient cause of action.

[Argued October 30th, 1889—decided March 31st, 1890.]

ACTION for the fraud of the defendant, an attorney at law,
in inducing Margaret Sprague, one of the plaintiffs, to settle
a suit brought against her, in which he was retained as her
counsel; brought to the Superior Court in Fairfield County,
and tried to the court before *Torrance, J.* Facts found and
judgment rendered for the plaintiffs, and appeal by the de-
fendant. The case is sufficiently stated in the opinion.

*L. D. Brewster* and *H. B. Scott*, for the appellant.

1. The defendant offered to prove that the inducement
which caused Mrs. Sprague to part with her money, was
not that alleged by the plaintiffs and found by the court, to
wit, the false statements of the defendant, but was in fact
a totally different one, to wit, the knowledge on the part of
the plaintiffs that the property which stood in her name was
really her husband's, and had been fraudulently deeded to
her for the express purpose of avoiding the Kent judgment,
and hence their belief that it could have been taken by the
Kents. This evidence we claim was material, relevant and
admissible as contradicting the plaintiffs on two grounds:—
first, as tending to show that the operative inducement
alleged by the plaintiffs was not the operative inducement
in fact, but that the inducement set up by the defendant
was the operative one; and, secondly, as tending to show
that no such statement was made. Of course, if the plaint-
iffs settled voluntarily, and simply because of the exposure
of the real estate to attachment, and that was the full and
sufficient inducement, as it well might have been, it would
raise a fair presumption that they did not settle because of
any statement of the defendant. On a question of motive
" evidence is always admissible which shows that a person
had a motive for doing an act, or made preparation for such
act, if the act is in issue, or tends to prove a fact in issue."
1 Greenl. Ev., 14th ed., § 52, note; *Blackwell* v. *Cummings,*

68 N. Car., 121. But if we show that the inducement set up by the plaintiffs was not an operative one, it also strongly tends to show that the alleged statement of the defendant, on which the inducement is predicated, was never made, or rather it weakens the plaintiff's testimony on this point. *Rex* v. *Barnard*, 19 State Trials, 815; *Prindle* v. *Glover*, 4 Conn., 266. We set up the hypothesis that the transaction in question was wholly different from the plaintiffs' version of it—that the wife settled the suit against her, not from any false or other statements of ours, but because, and solely because, she knew the Kents had attached property that, as to them, really belonged to her husband, and could collect their whole claim out of it, and for that reason compromised at about sixty per cent. Is not this hypothesis relevant? If proved as one motive, but not the sole motive, is it not receivable for what it is worth? Does it not tend to weaken the plaintiffs' testimony by rendering it less probable, since another sufficient motive or inducement exists? But how can we show whether it was the real motive or not, or how far forth it was the operative motive, if it is altogether excluded? If all hypotheses were excluded except those in their nature necessarily conclusive, it would limit amazingly the customary range of defensive evidence. There is no such legal exclusion. 1 Wharton on Ev., §§ 21, 25; Stephen's Dig. of Law of Ev., 4; Roscoe on Ev., 89; 1 Taylor on Ev., § 316; 1 Starkie on Ev., 298; 1 Phill. on Ev., (C. H. & E.'s notes,) 739; *Pratt* v. *Richards Jewelry Co.*, 69 Penn. St., 53; *Burrell* v. *Willard*, 44 Verm., 44; *Bennett* v. *Stacy*, 48 id., 163: *Hough* v. *Cook*, 69 Ill., 581; *Deitsch* v. *Wiggins*, 15 Wall., 539; *Holt* v. *Crune*, Litt. Sel. Cas., 499; *Sellers* v. *Jenkins*, 97 Ind., 430; *Likes* v. *Baer*, 10 Iowa, 89; *High* v. *Kistner*, 44 id., 79.

2. The plaintiffs allege that Mrs. Sprague, by a mortgage on her property, raised the sum of $1,875 to free it from attachment. The court so finds. Unless it was her property, and not her ·husband's, the plaintiffs had no case. That fact so alleged and found, we offered to disprove. Would not the evidence offered by us tend to disprove it?

As to attaching creditors, was it not still the property of Daniel Sprague, and liable for his debts?

3. Again, entirely irrespective of any of the foregoing considerations, we offered "to show the condition of the property in question and the whole circumstances concerning the agreement and the arrangements about it," in part by the rejected evidence regarding the fraudulent transfer. If the circumstances of a party are ever admissible—if the conditions and surroundings of a party are ever relevant, they would seem to be so in this case. Whether the deed to the wife was really assailable or not, even by the Kents, the fact that the plaintiffs knew it had been put in her name for a fraudulent purpose materially shaped and affected and characterized their position in regard to the whole matter, and would naturally, almost necessarily, affect and determine their action, and should have been taken into account by the court. 1 Greenl. Ev., § 52 and note; *Stauffer* v. *Young*, 39 Penn. St., 455; *Craig's Appeal*, 77 id., 448; *Brinks* v. *Heise*, 84 id., 248; *Frost* v. *Frost's Admr.*, 33 Verm., 639; *Bedell* v. *Foss*, 50 id., 94; *Com.* v. *McDuffy*, 126 Mass., 467; *Stone* v. *Covell*, 29 Mich., 359; *Moppin* v. *Ætna Axle Co.*, 41 Conn., 27.

4. The evidence was offered to show the full knowledge of both the plaintiffs that the Kent judgment was against him and not against her. It was admissible for that purpose. The knowledge of the "purpose of defrauding the holders of the Kent judgment" necessarily included the knowledge of the main fact, without which the fraudulent purpose could not have existed, namely, that the husband, and he alone, was liable on the deficiency judgment. And just as certainly as the evidence, if received, would show that in fact the plaintiffs had that full "knowledge," we had a right to prove that knowledge on their part. That knowledge was material in several points of view:—(1.) It would show conclusively that when the defendant's statements were made, as claimed by the plaintiffs, the plaintiffs knew they were not true; that is, they knew that the husband only was liable on the deficiency judgment, no

matter what the defendant said. (2.) That knowledge would not only naturally prevent their being influenced by statements to the contrary, if made by the defendant, but it rendered it improbable that he would ever make the statements alleged.

5. The rejected evidence was admissible to show that the plaintiffs suffered no damage. " It is not enough that the misrepresentation has been acted upon ; it must have been acted upon to the injury of the one making complaint. It was long since laid down that fraud without damage affords no ground for redress in a suit for damages." Bigelow on Fraud, 279, 540; *Wakeman* v. *Dalley*, 51 N. York, 27 ; *Wharf* v. *Roberts*, 88 Ill., 426 ; *Cole* v. *Miller*, 60 Ind., 463 ; *Thomas* v. *Goodwin*, 12 Mass., 140 ; *Com.* v. *McDuffy*, 126 id., 467 ; *Hutchins* v. *Sprague*, 4 N. Hamp., 469 ; *Murray* v. *Jennings*, 42 Conn., 9 ; *Nye* v. *Merriam*, 35 Vt., 438 ; *McVane* v. *Williams*, 50 id., 548 ; 1 Swift's Digest, 554. By the rejected evidence we offered to show that the plaintiffs sustained no damage ; that they saved forty per cent of the debt due on the deficiency judgment by compromising as they did, since the attachment was good and the property attached covered the whole claim ; and that the party rightfully entitled to receive the money got it, and the party bound by the strongest obligation known to the law to pay it from his own property paid part of it, and by the alleged fraud escaped paying the other part. If the offered evidence tended to prove this, were we not entitled to offer it on this ground?

6. The third reason for appeal is based upon the claim that the cause of action which the court found to be proved is materially variant from that set out in the complaint, and therefore does not sustain the judgment. It must be conceded that the plaintiffs cannot set up one cause of action and recover upon a materially different one without amendment. Bigelow on Fraud, 179; Kerr on Fraud & Mistake. 382; Pomeroy on Rem., 2d ed., 610, 625 ; *Clark* v. *Post*, 113 N. York. 17. On the other hand we do not claim that the failure of the plaintiffs to prove their whole case prevents a recovery, provided they have proved the "substance of

the charge." Bigelow on Fraud, 185. The question is, therefore, resolved into an inquiry as to what is the substance of this complaint. We claim that it is the fraudulent procuring, by the defendant, of a suit to be brought by the Kents against the plaintiffs, in violation of the professional duty of the defendant. The cause of action upon which the trial judge pronounced judgment was the false statement. If an attorney, while employed by a client to defend against an apprehended suit, causes that suit to be brought, we suppose his liability to a suit for damages by his client to rest upon an entirely different basis from that upon which judgment was pronounced in this case.

*G. Stoddard* and *W. D. Bishop, Jr.*, for the appellees.

THAYER, J. In the summer of 1885 the defendant, an attorney at law, was employed by one Kent to collect a deficiency judgment for the sum of $1,849.82, which had been rendered in September, 1874, by the Supreme Court of the state of New York against the plaintiff Daniel Sprague. At the time of such employment the defendant was not counsel for the plaintiffs, but he had been their counsel, and had been consulted by them in reference to this judgment and the bond upon which the judgment was based, and he believed that they would come to him or to his father for professional advice and assistance whenever any attempt should be made to collect the judgment. During a prolonged absence of his father in the south the defendant drew up a writ, wherein it was alleged that both of the present plaintiffs had executed the bond and that the judgment was against both, and, for the purpose of deceiving the plaintiffs and leading them to believe, if they came to him for advice and assistance, that he was not employed to collect the judgment, caused the writ to be signed, issued and delivered to an officer for service upon the plaintiffs by a brother attorney. The plaintiffs were served with the writ and immediately sought the defendant and employed and retained him as counsel to defend the action, and the defendant accepted

the employment. He thereupon went the next day to Pough-
keepsie and examined the records in the case wherein the
judgment was rendered, and ascertained that the plaintiff
Margaret Sprague was not liable either on the bond or
the deficiency judgment. Upon his return, for the purpose
of deceiving the plaintiffs, the defendant falsely and fraudu-
lently told them both that Mrs. Sprague had signed the
bond and was liable on the deficiency judgment, and ad-
vised that she had better settle the case which had been
brought against them upon the most favorable terms she
could obtain. Mrs. Sprague believed these false statements
to be true and relied upon them, and upon the advice and
counsel of the defendant and solely in consequence thereof
and in accordance therewith, she paid $1,875 in settlement
of the suit.

These facts were found by the Superior Court and judg-
ment was rendered for Mrs. Sprague, in whose behalf the
suit is prosecuted, for the whole amount paid by her. The
defendant appeals.

It is alleged in the complaint that the defendant had been
retained and employed by the plaintiffs and was their counsel
at the time he caused the suit to be instituted against them.
All the other facts found are substantially alleged in the
complaint. Upon the trial the defendant claimed that the
gist of the action against him was that, while employed by
the plaintiffs as their attorney, he brought the suit against
them, and that without proof of that allegation the plaintiffs
could not recover. The court overruled the claim, and this
constitutes one ground of the defendant's appeal.

It is apparent from the complaint that the plaintiffs based
their right to recover upon the fraud and deceit of the de-
fendant. Every fact which is essential to constitute a case
of actionable fraud is fully alleged. It is averred that by
reason of the defendant's false representations Mrs. Sprague
was defrauded out of the sum paid by her. The answer
traverses specifically the allegation that the defendant made
the fraudulent statements alleged. The issue of fraud is
thus distinctly raised by the pleadings. As the complaint

is not demurred to and all the allegations of facts consti-
tuting an action of deceit are found to be true, the plaintiff
is entitled to recover although other facts are alleged in the
same count from which it appears that she has another cause
of action against the defendant. Practice Act, rule 4,
sec. 13; *Holly* v. *Brown*, 14 Conn., 268. The allegation
that the defendant was attorney for the plaintiffs at the
time he brought suit against them was apparently made by
way of introduction and as explanatory of the relations of
the parties at the time the representations were made. It
appears that while he was not their attorney when the suit
was brought he had been retained by them before the false
representations were made.

The defendant upon the trial offered evidence to prove
that the real estate which was mortgaged as security for the
money paid in settlement of the Kent suit was purchased
with money belonging to the plaintiff Daniel Sprague, and
that the title was taken in the name of Mrs. Sprague with
her full knowledge, for the purpose of defrauding the hold-
ers of the Kent judgment in preventing them from collect-
ing the same. The court excluded the evidence, and this
ruling constitutes the defendant's remaining ground of
appeal.

The evidence was offered for the following purposes :—
first, to show that the plaintiffs had suffered no damage;
second, to disprove the allegations in the complaint, and
contradict the testimony of Mrs. Sprague, that the $1,875
paid by her was her property; third, to show that the motive
which induced the plaintiffs to pay the money was not the
one alleged in the complaint, but was the belief on their
part that the Kents could subject the property in question
to the payment of their judgment; fourth, to contradict the
testimony of Mrs. Sprague that the defendant had made
false statements to her, and to corroborate the testimony of
the defendant that he did not make them ; fifth, to show the
condition of the property in question and the whole circum-
stances concerning the agreement and arrangements about
it ; sixth, to show the full knowledge of both Mr. and Mrs.

Sprague that the Kent judgment was against him and not against her.

This suit was brought in behalf of Mrs. Sprague. The court finds that she was not liable on the bond or judgment upon which the Kent suit was based. She was led by the defendant's fraudulent representations to believe that she was liable. She borrowed the money and paid it to discharge that liability and was damaged thereby. It makes no difference whether the property mortgaged to secure the loan of that money was her property, her husband's or a stranger's. It was alleged in the complaint, it is true, that she raised the money by a mortgage of her property; but that allegation was wholly immaterial. By rule of court proof of allegations of facts wholly immaterial to the right claimed by the pleadings will, on objection, be excluded, and the same is of course true with regard to proof offered to rebut such allegations. The evidence was therefore inadmissible for the first two purposes for which it was offered.

The existence of the facts sought to be proved is entirely consistent with the fact that the defendant made the false representations testified to by Mrs. Sprague. The evidence therefore would not contradict her testimony or corroborate that of the defendant that he did not make the representations. It was inadmissible therefore for the fourth purpose for which it was offered.

As the evidence under consideration was the only evidence objected to, and as that evidence neither contradicts the plaintiff's testimony nor corroborates that of the defendant, we are to assume to be proved the fact found by the court, that the false representations were made. Was the rejected evidence admissible for the third purpose for which it was offered, namely, to show that these false representations were not the motive which induced Mrs. Sprague to pay the money? The most that can be claimed is, that in the absence of other testimony they would show a motive for the payment. Had the defendant proposed to go further and show that the money was actually paid from this motive, the evidence would have been admissible as

showing that the false representations were not believed and acted upon. But the finding shows no such offer. It appears that the evidence was offered to prove an independent collateral fact—to show a motive, other than the false representations, which the court might be asked to infer was the one which induced the payment. When offered for such purpose it was properly excluded. It is conceded and is unquestionable that the defendant's false representations need not have been the sole inducement which influenced Mrs. Sprague. Bigelow on Fraud, p. 544, and cases there cited. The plaintiff testified that she relied upon the defendant's representations. In such a case it is incumbent upon the defendant to prove that the false representations were not relied on. It is not enough for him to say that there were other representations or other circumstances which might have been the operative inducement. Kerr on Fraud and Mistake, 75; Opinion of Lord Justice TURNER in *Nicol's Case*, 3 De Gex & Jones, 439.

The defendant argues that if the attached property was shown to be the husband's and not the wife's the false representations would constitute no motive for her settling the suit. He says that it was the sole ownership of the property by the wife which made the false representations of the defendant in any sense an inducement for her to settle. He thus assumes that the Kent suit was merely a proceeding to subject the attached property to the payment of the debt. This is the fallacy of his argument. That suit was not a proceeding against the property. It was an action for damages. The attachment was a mere incident to the suit. It nowhere appears that Mrs. Sprague had not other property sufficient to satisfy the judgment. If persuaded that she was liable upon the bond and judgment, that would be a sufficient inducement to her to settle the suit, regardless of the ownership of the property. In that case indeed the facts offered to be proved would constitute no motive for the payment, because, if she believed herself to be jointly liable with her husband on the bond and judgment, she would regard the attached real estate as equally subject to

the payment of the debt whether it was her husband's property or her own. As the Kent suit did not relate to the real estate, the condition of the property and the agreements and arrangements concerning it were irrelevant and immaterial.

It is claimed that knowledge of the purpose to defraud the holders of the Kent judgment by taking the title to the real estate in the wife's name necessarily includes knowledge of the main fact that the husband alone was liable on the judgment. That both husband and wife believed the fact to be so is obviously all that could be inferred from the rejected testimony. It is alleged in the complaint that at the time she retained the defendant Mrs. Sprague believed that she was not liable on the judgment and so informed the defendant. It was not necessary for the defendant to prove what the plaintiff admitted by the pleadings.

There is no error in the judgment complained of.

In this opinion the other judges concurred.