JOHN J. CASSIDY ET AL. *vs.* THE TOWN OF SOUTHBURY.

Third Judicial District, New Haven, January Term, 1912.

HALL, C. J., PRENTICE, THAYER, RORABACK and WHEELER, Js.

Section 143 of the Rules of Court (Practice Book, p. 244) requires a plaintiff, when suing for an injury received in consequence of a defect in a highway, to recite in his complaint the notice of the injury which he gave to the defendant town as required by statute (General Statutes, § 2020), or to annex it thereto.

If the complaint describes the precise nature of the injuries received, and in a subsequent paragraph alleges that "the plaintiffs caused

written notice of *said* injuries" to be given, this is equivalent to a direct allegation that he gave written notice of the injuries recited in the complaint; and an admission of the latter paragraph contained in the answer constitutes a conclusive admission that the notice given contained a description of the injuries as given in the complaint, and renders any proof of such notice unnecessary.

It was therefore error for the court to direct a verdict for the defendant on the ground that the notice put in evidence was insufficient in its description of the injuries received.

Argued January 17th—decided February 9th, 1912.

ACTION to recover damages for injuries to the horse and wagon of the plaintiffs through the alleged negligence of the defendant to maintain a guard-rail or barrier upon the side of the highway at the place of the accident, brought to the District Court of Waterbury and tried to the jury before *Peasley, J.,* who directed the jury to return a verdict for the defendant, from the judgment upon which the plaintiffs appealed. *Error and new trial ordered.*

*Herman J. Weisman,* for the appellants (plaintiffs).

*Lawrence L. Lewis,* for the appellee (defendant).

WHEELER, J. The court directed a verdict for the defendant on the ground that the notice required to be given before an action for damages suffered through a defective road could be maintained (General Statutes, § 2020) was insufficient in its description of the injury.

The statute provides as a condition precedent to the institution of an action of this character, that written notice of the injury and a general description of the same shall be given. It was the duty of the plaintiffs, under the Practice Book (1908) p. 244, § 143, to either recite the notice in the complaint, or annex it thereto. The obvious purpose of this rule was to have the sufficiency of the notice, if denied, tested by demurrer preceding the trial.

The plaintiffs did not comply with this rule. But they did set up the injuries with sufficient particularity in paragraph four of the complaint, "viz: said horse was injured about the legs and body and lamed and permanently injured so that he is now worth two hundred dollars less than before said fall; and the plaintiffs have expended twenty-five dollars for medicine and medical attendance in endeavoring to cure said horse; said wagon was injured so that it is now worth fifty dollars less than it was before said fall as a consequence of said fall and the plaintiffs have expended or will be obliged to expend thirty-five dollars in repairing the damages to the same; the plaintiffs lost the use of the said wagon and horse for a period of two months, which loss of use is worth one hundred and twenty dollars." In the next succeeding paragraph (five) they recited that the plaintiffs caused written notice of *said* injuries to be given said town.

This was the equivalent of a direct allegation that they caused written notice of the injuries as detailed in paragraph four to be given said town. This notice, if given, was a reasonable compliance with the statutory requirement. The defendant admitted paragraph five, which recited the giving of the notice, and with this admitted that the notice contained the description of the injuries recited in paragraph four.

This admission was the full equivalent of uncontradicted proof of these facts by credible witnesses. It removed the giving of a sufficient notice of the injuries from the controverted issues of the case. There was no further occasion to submit proof of this. The jury, whatever the proof, could not find contrary to the defendant's own admission on the record that the notice did contain a sufficient description of the injuries.

The subsequent introduction of the notice in evidence

did not open to attack its legal sufficiency in its description of the injuries. The admission had settled that issue. Such a doctrine is indispensable in preserving regularity and stability in a system of pleading and essential in securing fairness in a trial. Our courts have so ruled from earliest time.

In *Basset* v. *Davis*, 2 Root, 204, 205, the court said: "The allegation in the defendant's plea in bar is, that before and at the time of executing said deed, the defendant was *non compos mentis*, which is the only material fact alleged in the defendant's plea. This fact the plaintiff has not traversed, and by not traversing it has admitted it to be true. It was laid out of the issue, and no evidence was needed to prove it, and the jury might as well have found any other fact not put in issue, contrary to the admission of the parties, as to have found that the defendant was not *non compos mentis*." In *Sprague* v. *Taylor*, 58 Conn. 542, 552, 20 Atl. 612, we said: "It was not necessary for the defendant to prove what the plaintiff admitted by the pleadings." Similarly, in *Connecticut Hospital for Insane* v. *Brookfield*, 69 Conn. 1, 4, 36 Atl. 1017, we said: "An admission in pleading dispenses with proof, and is equivalent to proof."

The defendant having admitted the legal sufficiency of the notice of the injuries could not thereafter recede from this position, and the court could not, *sua sponte*, nor upon the defendant's request, inject this issue in the case.

There was error in directing the verdict, and a new trial is ordered.

In this opinion the other judges concurred.