LILLIAN A. BARTEIS *v.* TOWN OF WINDSOR

MALTBIE, C. J., BROWN, JENNINGS, ELLS and DICKENSON, Js.

Argued April 6—decided May 6, 1948

*Arthur E. Howard, Jr.,* with whom was *William W. Sprague,* for the appellant (plaintiff).

*Henry P. Bakewell,* with whom, on the brief, was *Hugh M. Alcorn, Jr.,* for the appellee (defendant).

ELLS, J. The plaintiff alleged in her complaint that on January 4, 1945, she fell on an icy sidewalk in Windsor and was injured, that the defendant had notice of the defect, and further: "On January 15, 1945, the plaintiff gave said Town written notice of said injuries, and a general description of the same, and the cause thereof, and the time and place of its occurrence, a copy of which will be filed and marked Exhibit A." The defendant's answer was a general denial. Upon the trial the plaintiff produced evidence of the fall, its cause, and the injuries which she sustained. She then offered the original notice to the town, and it was received in evidence as exhibit A. It was addressed to "Town Clerk, Town of Windsor, Connecticut" and was dated January 15, 1945. The plaintiff's husband testified that he personally handed it to the town clerk on that date. At the close of his testimony, the defendant moved that all of the evidence be stricken from the record on the ground that (1) the notice was served upon the town eleven days and not the statutory ten days after the date of the fall; and (2) the notice was served upon the town clerk instead of upon a selectman as required by statute. The court sustained the motion on the second ground, and thereafter granted a motion for a nonsuit. The plaintiff has appealed from the court's denial of a motion to set aside the nonsuit.

General Statutes, § 1420, in its application to the present situation, provides that an action shall not be maintained against any town unless written notice of the injury and a general description of it and of the cause thereof and of the time and place of its occurrence shall be given within ten days thereafter "to a selectman of such town." The plaintiff

does not contend that a notice given to a town clerk satisfies the requirement of the statute. She claims only that the defendant waived the question of the sufficiency of the notice by filing a general denial.

It was the duty of the plaintiff, under the Practice Book, § 43, either to recite the notice in the complaint or to annex it thereto. The obvious purpose of this rule is to have the sufficiency of the notice, if challenged, tested by demurrer preceding the trial. *Cassidy* v. *Southbury*, 85 Conn. 221, 222, 82 A. 198. The plaintiff did not comply with the rule. She did not institute her action until nearly a year after the injury was sustained. She did not at any time file a copy of the notice as an exhibit; instead, she chose to rely on an allegation that she had given a proper statutory notice to the town. After a lapse of several months, the defendant filed an answer in which it denied "the truth of the matters contained in the plaintiff's complaint." One effect of this was to deny the plaintiff's allegation that she had given notice to the town as required by statute. The burden was on the plaintiff to prove that she had given the necessary notice. The present case is not unlike *Nicholaus* v. *Bridgeport,* 117 Conn. 398, 167 A. 826, in its essential circumstances. We said there (p. 402) : "In this case the plaintiff simply alleged that she duly notified the defendant of her claim pursuant to statute and this was denied in the answer. The giving of a proper notice became a matter of proof at the trial and if that proof was lacking, the trial court could properly take cognizance of it upon a motion to set the verdict aside."

The plaintiff has cited numerous cases in her brief which hold that matter consistent with the truth of the allegations of the complaint but constituting matter in avoidance must be specially pleaded. Gen-

eral Statutes § 5508; see Practice Book, § 104. She claims that the lack of proper notice in this case constitutes matter of avoidance. Allegations and proof of the notice required by statute are a vital part of the plaintiff's case. They go to the very existence of the action, which in the absence of compliance with the requirements of the statute does not exist at all. "Until such notice is given no right of action exists." *Crocker* v. *Hartford*, 66 Conn. 387, 391, 34 A. 98.

There is no error.

In this opinion the other judges concurred.