ALLEN M. TUCKER, EXECUTOR (ESTATE OF NELLIE R. TUCKER) *v.* HOWARD S. IVES, HIGHWAY COMMISSIONER

SUPERIOR COURT    MIDDLESEX COUNTY    FILE NO. 14591

Memorandum filed February 21, 1961

*Parmelee & Snow,* of Middletown, for the plaintiff.

*Alfred F. Wechsler* and *Bailey & Wechsler,* of Hartford, for the defendant.

MACDONALD, J.   Plaintiff's complaint, claiming damages for injuries caused by a defective highway, alleges in paragraph 4 simply that "the defendant was given notice that said highway was defective on or about December 21, 1959, by the plaintiff, in writing, as is provided for by statute," and an amendment subsequently was filed incorporating therein a copy of the notice itself, a letter dated December 21, 1959.   The injuries complained of, from which plaintiff's decedent died instantly, are alleged to have occurred on October 22, 1959.

Defendant has demurred on the ground that the notice "exceeded the sixty-day requirement for such notice" in that it was not received by the highway commissioner within the sixty-day statutory period, to which plaintiff's counsel replied, in oral argument, that proof of the failure of defendant to

receive the notice on time was a matter of evidence to be produced at the trial of the case.

Section 13-87 of the General Statutes, under which this action was brought, bars such a claim unless notice "has been given within sixty days thereafter to the highway commissioner," and our Supreme Court has specifically held, in *Rapid Motor Lines* v. *Cox,* 134 Conn. 235, that this means that the notice must have been received by the commissioner by the sixtieth day, excluding the day of the injury and counting the sixtieth day thereafter as the final day.

As stated in *Barteis* v. *Windsor,* 134 Conn. 569, 571: "It was the duty of the plaintiff, under the [1934] Practice Book, § 43, either to recite the notice in the complaint or to annex it thereto. The obvious purpose of this rule is to have the sufficiency of the notice, if challenged, tested by demurrer preceding the trial." True, plaintiff has filed a copy of a notice dated December 21, 1959, but nowhere does he allege that such notice was served upon or received by the commissioner on that date —which was the sixtieth or final day. It is not sufficient for him simply to rest upon the broad allegation that "defendant was given notice . . . as provided by § 13-87 of the General Statutes," without alleging those facts which, if proved, would constitute proper notice. To hold otherwise would be to defeat the purpose of the rule, to test the sufficiency of the notice by demurrer preceding the trial. As stated by the court in the *Barteis* case, supra, 572: "Allegations and proof of the notice required by statute are a vital part of the plaintiff's case. They go to the very existence of the action, which in the absence of compliance with the requirements of the statute does not exist at all."

The burden is on the plaintiff to allege those facts which, if proved, would constitute proper

notice—such as an allegation that the notice dated December 21, 1959, was actually received by the commissioner upon that date. No presumption of such receipt arises from the mere dating of the letter, and if plaintiff is unable to prove it, and therefore to sustain that vital part of his burden of proof, defendant is entitled to ascertain that fact now, by demurrer, without going to trial and himself proving that such notice was not received within the sixty-day period.

The demurrer is sustained.