[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION TO STRIKE
The general contractor on several public works construction projects has filed a motion to strike the plaintiff's request for attorney's fees and interest under section 49-42 of the General Statutes, claiming that they are not allowed because of failure to comply with the notice requirements in the statute. The plaintiff is a supplier to one of the subcontractors. The third count of the amended complaint against the general contractor, the subcontractor and the surety on the bond alleges CT Page 8892 that the general contractor obtained a payment bond under section 49-41 to satisfy the claims of subcontractors on the projects, and that the plaintiff notified the general contractor and surety of the failure of the subcontractor to pay invoices for work performed by the plaintiff. The contractor (hereafter called the defendant) concedes that section49-42 allows interest and attorneys fees in some cases, but claims that the plaintiff cannot rely upon the statute because it is not apparent from the complaint that the plaintiff complied with the notice provisions in it.
With a motion to strike, allegations in the complaint are construed most favorably to the plaintiff, all facts pleaded are considered admitted, but it does not admit legal conclusions. Mingachos v. CBS Inc.,196 Conn. 91, 108-09. While the defendant claims that there is no evidence that proper notice was served on the surety or a copy given to the defendant general contractor within 180 days after the plaintiff last furnished services, and the plaintiff has the burden of proving compliance with the statutory notice requirements at trial, evidence outside the compliance is not considered on a motion to strike. Tilo Co. v. Fishman, 164 Conn. 212, 213; Connecticut State Oil Co. v. Carbone,36 Conn. Sup. 181, 182-83. Moreover, the complaint alleges that notice was given to the defendant and the surety on October 21, 1988, and that services were supplied until July 28, 1988, which is less than 180 days from completion of services.
The defendant also claims that the complaint is defective because the notice is not attached to the complaint and that this is a condition precedent to suit. Section 49-42 provides in fact that "any person having direct contractual relation ship with a subcontractor but not contractual relationship express or implied with the contractor furnishing the payment bond shall have a right of action upon the payment bond upon giving written notice of claim as provided in this section." The statute does not state that a copy of the notice must be attached to the complaint. The defendant relies upon cases under the highway defect statute, section 13a-149 C.G.S. and section 185 of the Practice Book. Section 13a-149 has the following limitation on an action under that statute: "No action for any such injury . . . shall be maintained . . . unless written notice of such injury and a general description of the same and of the cause thereof and of the time and place of its occurrence, shall, within ninety days thereafter be given . ." to one of several specified municipal officials. Cases under this statute have nonsuited a plaintiff, directed or set aside a verdict for failure to prove compliance with the notice, and have stated that a copy of the notice should be attached to or recited in the complaint, relying on a predecessor of the current Practice Book provision. Barteis v. Windsor, 134 Conn. 569, 571; Nicholaus v. CT Page 8893 Bridgeport, 117 Conn. 398, 402; Cassidy v. Southbury, 85 Conn. 221,222. In Greene v. Ives, 25 Conn. Sup. 356, the court sustained a demurrer, the predecessor to the motion to strike, in an action under the state highway defect statute, section 13a-144. Section 185 of the Practice Book now states: "Whenever in an action of tort or upon a statute the plaintiff is compelled to allege the giving of notice required by statute, he shall either recite the same in his complaint or annex a copy thereto."
While this type of defect is amendable where it exists, LaBarre v. Waterbury, 69 Conn. 554, it is questionable whether failure to attach the notice in an action under section 49-42 is required, even though Valley Oil Company, Inc. v. Barry, 18 Conn. Sup. 42 (1952) sustained a demurrer based on what is now section 185 and the principle stated in the highway defect cases. The phrasing of section 49-42 is different from sections 13a-144 and 13a-149, and the notice provisions of the highway statutes have a different purpose. Section 49-42 does not that the written notice of claim must be stated in the action itself, even though the giving of notice (which is alleged in the complaint here) is a condition precedent to the action. Section 185 of the Practice Book only states that the noticed must be attached to or recited in the complaint when a statute requires it to be alleged. The sufficiency of the notice given can be determined at trial or on a motion for summary judgment, but since section 49-42 C.G.S. and section 185 of the Practice Book considered together do not mandate that the notice be part of the complaint, this court declines to graft procedural requirements of the highway defect statutes on to a statute protecting contractual rights under a surety bond.
The motion to strike is denied.
ROBERT A. FULLER, JUDGE