[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANT'S MOTION TO DISMISS
The defendant Town of Greenwich has moved to dismiss this action on the basis of insufficiency of process resulting in lack of personal jurisdiction over the defendant.
In this action, the plaintiff alleges she fell down a stairwell in the Greenwich Town Hall on November 7, 1989 and sustained injuries. The plaintiff alleges a number of defects in the construction and condition of the stairs that caused the fall.
In a paragraph 15, the plaintiff alleges that: "[n]notice of the incident was duly given to the defendant on December 4, 1989. A copy of said notice is attached hereto as Exhibit A." The notice was neither recited in the complaint nor attached to the complaint as an exhibit.
The defendant does not claim that a notice was not served on the Town Clerk or that the notice was inadequate. Rather, the defendant has moved to dismiss claiming lack of personal jurisdiction and insufficiency of process based on the failure to comply with Prac. Bk. Sec. 185: "Pleading of Notice. Whenever in an action of tort or upon a statute the plaintiff is compelled to allege the giving of a notice required by statute, he shall either recite the same in his complaint or annex a copy thereto."
The defendant cites Menditto v. Sambotsky, 6 Conn, L. Trib. No. 11, p. 818 (1980) for the authority that failure to recite verbatim or to append to the complaint a copy of a mandated notice is a jurisdictional defect. Menditto involved a failure to recite or appended a notice to quit to summary process writ. Such a notice is a condition precedent to summary process proceedings and the notice is an integral part of the summary process complaint. (C.G.S. Sec. 47a-23).
Cases which seem to support the defendant's claim, such as Cassidy v. Southbury, 85 Conn. 221, 82 A. 198 (1912); Nicholaus v. Bridgeport,117 Conn. 398, 167 A. 826 (1933); and, Barteis v. Windsor, 135 Conn. 569, CT Page 1113159 A.2d 535 (1948), involve alleged defective highways, where the statute (C.G.S. Sec, 13a-149) specifically requires timely notice.
Whatever the efficacy of a complaint in negligence against a municipality, the defendant has failed to indicate why notice is "mandated" when a municipality is being sued for a defective town hall stairway so as to invoke the requirements of Prac. Bk. Sec. 185.
Under this circumstance, the defendant has failed to establish that not affixing a copy of the notice to the complaint is a jurisdictional defect.
The motion to dismiss is denied.