[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
This case involves a motor vehicle collision on a state highway on June 27, 1991. The defendant Winfield was operating a car owned by the defendant agency Rent-A-Car. The second count of the complaint claims that a truck owned by the defendant Grace Welding was parked on the roadway, limiting the visibility of oncoming motorists. The defendant Grace Welding Company filed a motion under 52-102 and 52-572h of the CT Page 7955-A General Statutes to cite in O G Industries, Inc. and Emil Frankel, Commissioner of the Department of Transportation of the State of Connecticut as party defendants, so that any negligence on their part could be considered in order to reduce the damages recoverable against Grace Welding at the time of trial. The motion to implead and serve a cross-complaint upon the additional defendants was granted, and the defendants were served with the motion and cross-complaint on June 18, 1993. The defendant Emil Frankel has filed a motion to strike the cross-complaint on the grounds that (1) sovereign immunity bars an action against him, and (2) to the extent that 13a-144 of the General Statutes is a waiver of sovereign immunity, the plaintiff has failed to give or plead notice of the highway defect to the Commissioner or the State of Connecticut as required by the statute.
The state highway commissioner can be included as a defendant in a negligence case arising out of a collision on a state highway for purposes of apportioning negligence and allowing a reduction for the percentage of liability of the state for a highway defect, even though the plaintiff cannot recover against the highway CT Page 7955-B commissioner unless the defect is the sole proximate cause of the plaintiff's injury. See McLaughlin v. Morelock,7 Conn. L. Rptr. 55 (1992) (allowing municipality as a defendant under13a-149 C.G.S. for limited purpose of apportionment of negligence under 52-572h). However, in order to consider the proportional negligence of a non-party, a party defendant is only required to join the non-party as an additional defendant; it is not necessary for either the plaintiff or the existing defendants to file a complaint or cross-complaint against the additional defendant in order to obtain apportionment at trial under 52-572h. Baker v. Franco, 7 Conn. L. Rptr. 622, 624 (1992); Tedesco v. Whittelaw,9 Conn. L. Rptr. 149, 150 (1993). Since the defendant Grace Welding Company has elected to file a cross-complaint, it is subject to challenge on the ground that it does not comply with the limited waiver of sovereign immunity in 13a-144 of the General Statutes. See Piccoro v. Lockwood, Kessler Bartlett, Inc.,8 CSCR 504 (1993).
The defendant Grace Welding Company [Grace] filed a third party complaint against the defendant Frankel as State Highway Commissioner for indemnification and a separate cross-complaint CT Page 7955-C for apportionment of damages under 52-572h. The motion to strike is addressed to both complaints. While this is permissible under our procedural rules, the motion to strike will fail if either complaint is valid. The fifth count of the third party complaint claims common law indemnification for negligence, but fails to state the essential facts and allegations for that type of claim. See Atkinson v. Berloni, 23 Conn. App. 325, 326-28, and cases cited therein. Moreover, a defendant in a motor vehicle accident case cannot bring a third party complaint for indemnification against the highway commissioner based on 13a-144 of the General Statutes, as the highway defect must be the sole proximate cause for an action against the state under the statute. If the defendant requesting indemnification is not negligent it is not liable for damages to the plaintiff, and there is no factual basis for indemnification; conversely if that defendant is negligent, the highway commissioner is not liable for indemnification, because the state's negligence is not the sole proximate cause of the plaintiff's injury. See Finelli v. Jaynes, 9 Conn. L. Rptr. 38,8 CSCR 523 (1993) (rejecting an indemnification claim against a municipality based on 13a-149 of the General Statutes). The state and its commissioner of transportation are not liable to an injured CT Page 7955-D party under 13a-144 of the General Statutes unless the highway defect is the sole proximate cause of the injury. White v. Burns,213 Conn. 307, 336.
The fourth count of the third party complaint attempts to assert a claim of indemnification by contract against the defendant Commissioner based on a contract with the defendant O G Industries, Inc. for repair or improvement of the state highway at the location where the accident occurred. This claim fails for several reasons. First of all, Grace was not a party to that contract and cannot claim any rights under it. Secondly, the state is immune from suit unless it consents to be sued by legislation waiving sovereign immunity. White v. Burns, supra, 312; Duguay v. Hopkins, 191 Conn. 222, 227. Since they can act only through its officers and agents, a suit against the highway commissioner as a state officer is subject to the same limitations. White v. Burns, supra, 312. To the extent that 4-61 of the General Statutes allows actions against the state on highway contracts, the right to bring such a claim is limited to the person, firm or corporation which has entered into a contract with the state or one of its agencies. The defendant Grace has no rights under that statute. CT Page 7955-E Finally, a party relying upon a statute must plead it in the complaint. Section 109A, Connecticut Practice Book.
While 13a-144 of the General Statutes allows an action for highway defects, the defendant Grace has failed to state a cause of action in either the third party complaint or cross-complaint based upon that statute. As a prerequisite for suit under the statute the claimant must give written notice to the highway commissioner within 90 days after the injury occurs, together with a general description of the time and place of its occurrence. The giving of notice to the commissioner within the statutory time limit is a condition precedent to a cause of action under the statute. Kuchinski v. Burns, 23 Conn. App. 198, 200; Wethersfield v. National Fire Ins. Co., 145 Conn. 368, 371; Warkentin v. Burns,223 Conn. 14, 18. Moreover, the defendant Grace fails to refer to13a-144 in either complaint, and has failed to comply with the requirement in Section 109A of the Practice Book that the statute must be referenced in the complaint, and the requirement for pleading notice in Section 185 of the Practice Book. Finally, the defendant's brief basically concedes that it relies upon 4-61
rather than 13a-144 of the General Statutes for its indemnification CT Page 7955-F claim.
Neither the third party complaint or the cross-complaint states a cause of action against the defendant Commissioner. The motion to strike is granted, as to the fourth and fifth counts of the third party complaint and the second count of the cross-complaint.
Fuller, J.