[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON DEFENDANTS' MOTION TO CITE IN
The plaintiffs in the present action are Derrick and Clarence Belcher. The defendants are Agency Rent-A-Car and Shirley Belcher. On October 5, 1993, the plaintiffs filed a revised two-count complaint in which they allege that on or about January 16, 1992, the plaintiffs were passengers in a rental car owned by defendant Agency Rent-A-Car and operated, pursuant to a leasing agreement, by defendant Shirley Belcher. The plaintiffs assert that while defendant Shirley Belcher was operating the rental car in Hartford, Connecticut, the vehicle skidded off the road and collided with a utility pole, causing injury to the plaintiffs. The plaintiffs claim that defendant CT Page 3904 Shirley Belcher was driving too fast for the road conditions in violation of General Statutes 14-218, that she failed to maintain control over the vehicle, and that she failed and neglected to keep a proper lookout for the traffic and conditions. The defendants jointly filed a special defense alleging that the plaintiffs' alleged injuries were caused by an unavoidable accident and that defendant Shirley Belcher had exercised a reasonable degree of care in an emergency situation.
On January 13, 1994, the defendants filed a motion to cite in the City of Hartford as a party defendant to the present action, pursuant to General Statutes 52-102 and 52-527h, on the ground that the city is a party that is necessary for the complete determination of the issues involved in the case. On February 22, 1994, the plaintiffs filed a memorandum in opposition to the defendants' motion to cite in. On February 25, 1994, the defendants filed a memorandum in response to the plaintiffs' objection to the motion to cite in.
DISCUSSION
In support of the motion to cite in the City of Hartford as a party defendant, the defendants assert that because the city may be liable for all or part of the plaintiffs' injuries, the city must be made a party defendant to the present action for the purposes of apportioning liability. Specifically, the defendants assert that a patch of ice on the road at which the accident occurred created an unreasonable risk to those using the road "so that even with reasonable caution an ordinarily prudent individual would have lost control of their vehicle . . . ."
In opposition to the motion to cite in, the plaintiffs argue that the city cannot be added as a party defendant to the present case because General Statutes 13a-149, the defective bridge and road statute, provides the sole means by which the plaintiffs could pursue an action against the city for their injuries. The plaintiffs assert that, under General Statutes 13a-149, the city could only be held liable were the city's negligence the sole proximate cause of the plaintiffs' injuries and that, consequently, no liability could be placed on the city were any negligence found against the defendants.
General Statutes 52-572h(c) eliminated joint and several CT Page 3905 liability in Connecticut, providing that
 [i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property . . . if the damages are determined to be proximately caused by the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable . . . damages . . . .
(Emphasis added.) General Statutes 52-572h(c).
General Statutes 52-102 provides the proper procedure for bringing into a suit persons whose negligence should be considered in apportioning liability:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving . . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made defendant in the controversy.
General Statutes 52-102 (2). Emphasis added.
The issue of whether a municipality should be made a party for the purpose of apportioning liability has been addressed within the superior court. In Gee v. Skarupa,9 CSCR 80 (December 20, 1993, Pittman, J.), the defendants filed a motion to cite in the City of Bridgeport for the purposes of apportioning liability pursuant to General Statutes 52-572h. The defendants asserted that a stop sign, controlled by the city, had been bent in such a way that the defendant driver had been unable to see it, and, in turn, entered into an intersection and collided with the plaintiff. Gee v. Skarupa, supra. Upon examining the legislation "as a whole," the court determined that the legislature intended that
 parties who are defendants in the action must all be ones against whom recovery is otherwise CT Page 3906 allowable. They cannot be parties who are immune from suit, against whom statutory prerequisites for bringing suit have not been fulfilled, or who may not be assigned liability for payment of damages for some other reason.
(Citations omitted; internal quotation marks omitted.) Id., 81. The court then framed the issue in the case as "whether the City of Bridgeport, if made a party, is one against whom, in the context of the case, an award of damages is allowable," and held that
 [t]he answer, of course, is no. For a municipality to be liable for damages for personal injuries where the claim is that the accident was caused because the city [was negligent] the city can only be liable if the defective highway is the sole proximate cause of the injuries and damages. Lukas v. New Haven, 184 Conn. 205, 207 (1981). . . . Because no damages can be awarded against the municipality if any degree of negligence is found against the defendant . . . there is no apportionment that can properly take place. If [the defendant] is negligent, the City cannot, as a matter of law, be liable for any damages; if [the defendant] is not negligent, then there is nothing to apportion.
Id.
Two decisions by Judge Fuller, involving facts similar to those of Gee v. Skarupa, supra, and those of the present action, have held, however, that the state highway commissioner may be brought into an action for the purposes of apportioning negligence. In Chueka v. Winfield, 8 CSCR 1067
(September 17, 1993, Fuller, J.), the court stated that
 [t]he state highway commissioner can be included as a defendant in a negligence case arising out of a collision on a state highway for purposes of apportionment and allowing a reduction percentage of liability of the state for a highway defect, even though CT Page 3907 the plaintiff cannot recover unless the defect is the sole proximate cause of the plaintiff's injury.
Id., citing McLaughlin v. Morelock, 7 Conn. L. Rptr. 55
(August 3, 1992, Fuller, J.). The court held that in order to apportion the negligence of the "non-party," the defendant "is only required to join the non-party as an additional defendant; it is not necessary for either the plaintiff or the existing defendants to file a complaint or cross-complaint against the additional defendant in order to obtain apportionment at trial under 52-572h." Chueka v. Winfield, supra; citing Baker v. Franco, 7 Conn. L. Rptr. 622 (December 21, 1992, Fuller, J.).
In McLaughlin v. Morelock, supra, the court, Fuller, J., similarly held that "[t]here is nothing in the statute which suggests that the city's negligence should not be considered in determining the proportionate share of damages owed to the plaintiffs by other defendants even though the city is not liable because its negligence is not the sole proximate cause of the injuries." Id., 56.
This Court, however, is persuaded by Judge Pittman's analysis in Gee. If the defendant cannot prove that the City's alleged negligence was the sole proximate cause of the plaintiff's claimed injuries and losses, then the City remains immune from liability and cannot lawfully be brought into this case under the plain language of Section 52-102. Even, however, if the City were somehow permitted to become a "party" to this case despite the prohibition set forth in Section 52-102, it could never become the only kind of party as to whom apportionment may properly be considered, that is: "a party against whom recovery is allowed." General Statutes52-572h.
If, by contrast, the evidence clearly showed that the City was fully responsible for the plaintiff's injuries — that is, that its negligence was the sole proximate cause of those injuries — then, through the City would no longer be immune from suit, there would be no need to apportion damages between it and anyone else, for in that event, it alone would be fully responsible for the plaintiff's alleged injuries and losses. In that sense, then, it is immaterial to the defense whether or not the City is made a party to this case, for even it is not, the CT Page 3908 defendant may still avoid all liablility [liability] for the plaintiff's injuries and losses by proving the one and only set of facts that will remove the City's immunity: that the City's negligence was the sole proximate cause of the plaintiff's injuries. In the face of such proof, however the finder of fact will not be required to apportion damages between the defendants and the City. Instead it will have no choice but to render a defendant's verdict.
In conclusion, the defendant in this case has no right to cite in the City of Hartford for the purposes of apportioning the plaintiff's recoverable damages between the City and itself. The defendant's motion is therefore denied.
Michael R. Sheldon, J.