[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF CLARIFICATION AS TO MEMORANDUM OF DECISION RE: MOTIONTO DISMISS
This is a negligence action arising out of a September 9, 1991, motor vehicle accident that occurred at the intersection of Montauk Avenue and Glenwood Avenue in New London, Connecticut. The plaintiffs' vehicle was struck by a vehicle operated by the defendant, Kirk Watrous, and owned by the defendant, Grossman's Fish Market. CT Page 5819
The plaintiffs, Carolyn Geyer, Peter Geyer and Brian Geyer, commenced this action on or about June 26, 1992. Thereafter, the defendants, on or about November 23, 1992, moved to cite in the City of New London as an additional defendant. The City was not served with a summons and "amended complaint" until almost nine months later on August 4, 1993.
The "amended complaint," prepared by the original defendants, added a sixth count to the plaintiffs' complaint. The count alleges that the City of New London was negligent in its failure to remove and/or trim brush and vegetation which obscured a stop sign at the intersection in question. The City moved to dismiss the "amended complaint" on the grounds that: (1) Connecticut General Statutes § 52-102 and § 52-572h preclude a municipality from being cited into an action for the purpose of apportioning liability; (2) the amended pleading failed to comply with the statutory requirements of General Statutes § 13a-149; and (3) the amended pleading was fatally defective. On February 9, 1994, the court, Austin, J., granted the City of New London's Motion to Dismiss.
The original defendants moved to cite in the City of New London pursuant to Connecticut General Statutes 52-102 and § 52-572h. General Statutes § 52-102 provides the proper procedure for bringing into a suit persons whose negligence should be considered in apportioning liability. It states, in pertinent part:
 Upon motion made by any party or nonparty to a civil action, the person named in the party's motion or the nonparty so moving. . . (2) shall be made a party by the court if that person is necessary for a complete determination or settlement of any question involved therein; provided no person who is immune from liability shall be made a defendant in the controversy.
Connecticut General Statutes § 52-102 (Emphasis added.) General Statutes § 52-572h provides, in pertinent part, that:
 [i]n a negligence action to recover damages resulting from personal injury, wrongful death or damage to property. . .if the damages are determined to be proximately caused by CT Page 5820 the negligence of more than one party, each party against whom recovery is allowed shall be liable to the claimant only for his proportionate share of the recoverable. . .damages.
General Statutes § 52-572h(c) (Emphasis added.)
The defendant City of New London claims that Connecticut General Statutes § 52-572h is not applicable to the present case. The statute, by its own terms applies only to causes of action based on negligence. In the present case, the City can only be found liable under a statutory cause of action, Connecticut General Statutes § 13a-149.
General Statutes § 13a-149 provides the sole means by which the plaintiffs could pursue an action against the City for injuries incurred as a result of a defective road. Sanzone v.Board of Police Commissioners, 219 Conn. 179 (1991). A municipality can only be held liable if the defective road was the sole proximate cause of the plaintiffs' injuries and damages. Id.
There currently exists a split of authority as to whether a municipality should be made a party for purposes of apportioning liability. The majority and most recent decisions by Connecticut Superior Court judges hold that a municipality should not be cited into an action for apportionment purposes. The court in Belcher v. Agency Rent-A-Car, 9 CSCR 463, posited that the original defendant had no right to cite in the City of Hartford for purposes of apportioning the plaintiff's recoverable damages between the City and itself. In that case, Judge Sheldon examined, but was not persuaded by, the reasoning set forth by Judge Fuller in the Superior Court cases of Chuekav. Winfield, 8 CSCR 1067, and McLaughlin v. Morelock,7 Conn. L. Rptr. 55.
The court in Belcher held that a municipality is immune from liability in a direct action of negligence by plaintiffs for injuries resulting from a defective road. Hence, the express language of 52-102 would preclude the City from being cited into the plaintiffs' negligence action as a party defendant for purposes of apportioning liability. Belcher, 9 CSCR at 464; see also Nanavoti v. Tobey, (Milford Superior Court, McGrath, J., March 29, 1993.) (Court denied defendant's motion to cite in the Town of Seymour in a highway CT Page 5821 defect action for purposes of apportionment.)
Likewise, the court in Gee v. Skarupa, 9 CSCR 80, denied the defendants' motion to cite in the City of Bridgeport under § 52-572h for purposes of apportioning liability. The salient facts before that court were identical with those presented in the case at bar. There, the defendants asserted that a stop sign, controlled by the city, was defective in that they were unable to see it. As a direct result of the "defective" stop sign, the defendants entered into an intersection and collided with the plaintiff. Id.
The Gee court examined Connecticut General Statutes §§ 52-102 and 52-572h "as a whole" and conclude that the statutes:
 lead to the conclusion that the parties who are defendants in the action must all be ones against whom recovery is otherwise allowable. They cannot be parties who are immune from suit, against whom statutory prerequisites for bringing suit have not been fulfilled, or who may not be assigned liability for payment of damages for some other reason.
Id., at 81.
The court further stated:
The question then is whether the City of Bridgeport, if made a party, is one against whom, in the context of the case, an award of damages is allowable. The answer, of course, is no. . .the entire issue is presented in the context of a negligence action against another party. Because no damages can be awarded against the municipality if any degree of negligence is found against the defendant Skarupa, there is no apportionment that can properly take place. If Skarupa is negligent, the City cannot, as a matter of law, be liable for any damages; if Skarupa is not negligent, then there is nothing to be apportioned.
Id.
Likewise, in the case at bar, the City of New London is immune from any action asserting negligence for the failure CT Page 5822 to maintain a traffic control device, i.e. stop sign. Connecticut General Statutes § 13a-149. The express language of General Statutes § 52-102, therefore, precludes the City from being cited into this action for purposes of apportionment.